## Commonwealth v. Lanning

*A. W. Duy,* for petitioner; *Harold G. Teel* and *H. R. Stees,* contra.

EVANS, P. J., July 10, 1933.—This rule was granted on the petition of Pearl Lantz, sister of the defendant, Ernest Lanning. It appears from the petition, answer, and testimony that the defendant and five other defendants were arrested on May 28, 1932, on the charge of breaking and entering and larceny.

A preliminary hearing was accorded the defendants the same day before a justice of the peace, after hearing had, all were held to answer the charge at

the next session of court, and bail was required in the sum of $500 each, with surety, conditioned for their appearance. Lanning deposited cash bail with the justice in the amount of $500, and the other defendants, in default, were committed. In addition to Lanning's furnishing cash bail, his mother, Fannie Lanning, and his sister, Pearl Lantz, the petitioner in this proceeding, signed a bail bond or recognizance in the sum of $500, conditioned for his appearance at the next session of the court. The information, transcript, recognizance, and cash bail were filed and deposited with the clerk of the court on May 31, 1932. On September 27, 1932, the grand jury returned two indictments against Lanning, one charging breaking and entering and the other larceny. On October 7, 1932, Lanning appeared in court, pleaded guilty to both indictments, and was sentenced to pay the costs of prosecution, a fine of $25 and 6 months in the county jail.

On the part of the petitioner, Pearl Lantz, it is contended that she deposited the $500 cash bail with the justice for the appearance of her brother, Ernest Lanning, at the next session of the court; that the same was her money, and that she deposited it as justification for her becoming bail; that the defendant appeared in court, pleaded guilty, and was sentenced; that there was no default in his failing to appear, and that therefore the cash bail should be returned to her.

On the other hand, the district attorney and the county solicitor contend, on the part of the county, that the money deposited as cash bail with the justice was the money of Ernest Lanning, the defendant, and not of his sister, Pearl Lantz, the petitioner, and that therefore the prayer of the petitioner should be refused and the rule discharged.

The clerk of the court in this case is a mere stakeholder. The answer of the district attorney and county solicitor, filed on behalf of the county as a creditor of Ernest Lanning, the defendant, since sentence was imposed, challenges and denies the averments that the cash bail deposited was the petitioner's money and that she deposited the same with the justice as justification for her becoming bail for Lanning, the defendant.

If the petitioner's contention is correct, the rule should be made absolute and the money ordered returned to her; but, on the other hand, if the county's contention is correct, the rule should be discharged.

The Acts of April 7, 1921, P. L. 118, and March 19, 1925, P. L. 49, authorize the deposit of cash bail by a defendant or by anyone for him in lieu of bail and recognizance in criminal proceedings: Commonwealth v. Miller et al., 105 Pa. Superior Ct. 56, 60. The justice of the peace therefore had the right to accept the money deposited as security.

The transcript in this case, offered in evidence by the petitioner's counsel, negatives the petitioner's contention that the money deposited was her money and that she is entitled to have the same returned to her because of the defendant's appearance at the next session of the court. The transcript reads in part as follows:

"After hearing, the defendants is required to give bail in $500 each for appearance at the next term of court with Ernest Lanning $500 cash bail. The other defendants committed to jail. Prosecutor held in $50 to appear at the next court of quarter sessions to testify, etc."

From this language of the transcript, we think the inference is plain that the money deposited as cash bail was the money of Ernest Lanning, the defendant.

It was conceded at the argument of the rule that the district attorney was present at the preliminary hearing, and that when cash bail was suggested for

Lanning's appearance he stated to the magistrate "that, if there was any cash deposited, it should be deposited as the cash of Lanning . . . that only cash bail of the defendant himself would be accepted for his bail." The justice of the peace was not called as a witness. However, it was agreed by counsel that if the justice were called as a witness and testified, he would testify that he had no recollection about the statement of cash bail made in his office at the time of the hearing. At most, such testimony would be negative and could not be permitted to contradict the record of the transcript.

Where the record (the transcript) shows that the defendant deposited cash bail for his appearance in court, the money must be considered in legal contemplation to be the property of the defendant, and the person who furnished the money and actually made the deposit is not entitled to its return: Commonwealth v. Fortini, 27 Dist. R. 521.

A petitioner asking to have money deposited by him as security for the appearance of a defendant in a criminal trial returned has no standing to ask the court to order it to be paid to him. The issue is between the Commonwealth and the defendant only: Commonwealth v. Pulici, 9 D. & C. 39.

The petitioner's name does not appear in the transcript and it imports verity. Any attempt to impeach it will not be received with favor: Commonwealth v. Fortini, supra.

The statement made by the district attorney, present at the preliminary hearing, "that only cash bail of the defendant would be accepted", is not challenged or denied and therefore must be accepted as verity.

And now, July 10, 1933, the clerk is directed to deduct the fine and all costs in the case of Commonwealth v. Ernest Lanning et al., including the costs of these proceedings, and to pay the balance to the defendant, Lanning, or his attorney.                    From R. S. Hemingway, Bloomsburg, Pa.