## Spiess *v.* Simon, Appellant.

*Landlord and tenant—Notice of intention to quit—Conditional notice—Holding over.*

Where a lease provides that in default of ninety days' notice "this lease shall continue upon the same terms and conditions for a further period of one year," a notice by the tenant to the landlord that unless certain repairs were done he would move out at the end of the term, is not sufficient, although the notice was given ninety days prior to the end of the term.

Argued Nov. 8, 1916. Appeal, No. 231, Oct. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1915, No. 2582, on verdict for plaintiff in case of C. Wm. Spiess, trading as Lewis A. Taulane, v. Francis Simon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for rent. Before BREGY, P. J.

· The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $689. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Byron Hancock,* with him *J. Washington Logue,* for appellant.

*R. W. Archbald, Jr.,* of *Ehrlich & Archbald,* for appellee.

OPINION BY WILLIAMS, J., December 18, 1916:

The lease between the parties to this controversy provided "that either party......may determine this Lease at the end of said term, by giving the other notice thereof, at least ninety days prior thereto,......but in default of such notice, this Lease shall continue upon the same terms and conditions......for a further period of one year......." The term began May 1, 1914, and was for one year. In January, 1915, the defendant called upon, and told the plaintiff that unless certain repairs, which he requested, were made before the end of the term he would remove from the premises at that time. The repairs were not made, the defendant removed, and the plaintiff seeks to recover the rent for the year beginning May 1, 1915, $600, and for the months of February, March and April of 1915, $150, less $100 which had been deposited as security when the lease was executed.

The sole question in the case is the sufficiency of the notice, alleged to have been given by the defendant, upon which he claims the lease was terminated. That a notice to quit must not be in the alternative, but must be clear, explicit and unequivocal, is well settled: Fotterall v. Armour, 218 Pa. 73. In that case, MESTREZAT, J., says (78): "The notice must be certain and definite as to the premises, the intention to vacate, and the

311, (1916).]          Opinion of the Court.

time when the surrender or vacation of the premises is to take place. It must be positive, decisive, and without ambiguity. In brief, the language of the notice must be such as to convey to the landlord the intention of the tenant positively and unequivocally to vacate the premises at the time specified in the notice."

Tested by this standard, let us examine the statement of the defendant. He says that he went to the landlord's office early in January, 1915, and told him that the property "was in very poor condition; and in a condition, that if the repairs were not done I would move out on the first of May, at the end of my lease." The learned trial judge properly held, as a matter of law, that this was not a proper notice and directed the jury to find a verdict for the plaintiff.

The contention of the appellant, that a waiver by the landlord of his rights under the lease could be inferred, is not sustained by the evidence produced, hence the cases cited by him do not apply.

The judgment is affirmed.