# Worrell *v.* Rosenberry, Appellant.

*Landlord and tenant—Leases—Renewals—Change in terms— Notice.*

1. Where a lease provided that if the lessor should give one month's notice previous to the expiration of the term or any extension or renewal thereof, of an intention to change the terms and conditions of a lease, and the lessee should hold over after such notice, he should be considered lessee under the terms and conditions mentioned in such notice, the lessor may give such notice at any time at least a month prior to the expiration of the original term and any renewal thereof, and if the lessee holds over he is bound by the terms of the notice.

2. The privilege to change the terms of the lease is not confined to the original term. The conditions may be changed only once during the original term or only once during any single extension or renewal thereof, but if the tenant holds over after notice of such change, the lease is renewed subject to such changes, with all the privileges reserved to the parties in the written lease, including the provisions relative to notice of change of terms and conditions. No hardship is done the lessee by this construction, for if not satisfied with the change of terms he is not bound to remain. His holding over is equivalent to the acceptance of the new terms and conditions.

Swigert v. Hartzell, 20 Pa. Superior Ct. 56, distinguished.

Argued December 9, 1919.  Appeal, No. 273, Oct. T., 1919, by defendant, from order of C. P. No. 4, Phila. County, June Term, 1919, No. 8024, discharging rule to open judgment in the case of LeRoy A. Worrell, Agent,

to the use of Jacob Toub, v. Frederick B. Rosenberry.
Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREX-
LER, KELLER and LINN, JJ.    Affirmed.

Rule to open judgment entered by confession.
The opinion of the Superior Court states the case.
The court discharged the rule.    Defendant appealed.

*Error assigned* was the order of the court.

*Joseph G. Denny, Jr.,* for appellant.—The privilege of
changing the conditions of the lease was exhausted by
the first change: Swigert v. Hartzell, 20 Pa. Superior
Ct. 56; Phila. v. Johnson, 208 Pa. 648; Adams v. Bush,
5 Watts 289.

*Charles J. Weiss,* and with him *Henry Wessel, Jr.,*
and *Jerome Bennett,* for appellee.

OPINION BY KELLER, J., February 28, 1920:
The appellant became tenant of certain premises under
a written lease for the term of one month from November
10, 1917, and thereafter from month to month, at the
rental of $17 per month.

The sole question raised by this appeal is the construc-
tion of the following clause in the lease: "It is mutually
agreed that either party hereto may determine this lease
at the end of said term by giving to the other notice there-
of at least one month prior thereto, but in default of
such notice this lease shall continue upon the same terms
and conditions as herein contained, for a further period
of one month; and so on from month to month, or until
terminated by either party giving one month's previous
notice in writing to the other party of an intention to
terminate the tenancy at the end of said term, provided,
however, that if the said lessor shall have given one
month's notice previous to the expiration of said term, or
any extension or renewal thereof as above, of an intention

to change the terms and conditions of this lease, and the lessee shall hold over after such notice, he shall be considered lessee under the terms and conditions mentioned in such notice, for further period as he may remain in possession of said premises, and until this lease is terminated by notice hereinbefore provided."

On or about October 10, 1918, notice was given the lessee by the lessor changing the monthly rental from $17 to $20 per month, effective November 10, 1918, which was accepted by the lessee, and the increased rental thereafter paid.

On June 4, 1919, the lessor gave notice to the lessee that beginning July 10, 1919, the rent would be changed from $20 to $25 per month. The lessee held over after such notice, but claimed that it was ineffective to change the rent, on the ground that the lease authorized but one such change.

The authority cited in support of this proposition is the case of Swigert v. Hartzell, 20 Pa. Superior Ct. 56. In that case it was held that a clause in a lease for one year granting the "privilege of rerenting and remaining on said premises at same rental and conditions for any number of years that" the tenant might desire, was exhausted by a notice renewing the lease for a definite term of one year more; that it was not equivalent to a perpetual lease at the will of the lessee. The lease did not provide that the same privilege should extend to renewals or extensions of the lease, and was held not to contemplate numerous rerentings. As the court said: "Nowhere is the lease expressive of an option or privilege to be exercised more than once."

In the lease now under consideration, it is expressly provided that notice of an intention to change the terms and conditions of the lease may be given not only during the original term but during any extension or renewal thereof. The terms and conditions may be changed only once during the original term or only once during any single extension or renewal thereof, but if the tenant

holds over after notice of such change, the lease is renewed subject to such changes, with all the privileges reserved to the parties in the written lease including the provision relative to notice of change of terms and conditions. No hardship is done the lessee by this construction, for if not satisfied with the changed terms he is not bound to remain. His holding over is equivalent to an acceptance of the new terms and conditions.

The circumstances in the case of Swigert v. Hartzell, were unusual and the previous acts of the parties themselves showed a construction of the lease consonant with that of this court, and inconsistent with an intention to create a perpetual lease at the will of the lessee. While such a lease may be created, (Effinger v. Lewis, 32 Pa. 367), the intention to do so must be clearly expressed in the lease. The question of a perpetual lease does not arise here. Either party may sever the relationship by one month's notice, and there is no reason for departing from the usual rule that where a tenant remains in possession of the demised premises after the expiration of the term without any new agreement, the presumption is that he holds the premises subject to all such covenants contained in the original lease, as are applicable to his present situation: Phillips v. Monges, 4 Wharton 226; especially so, when, as here, the clause under consideration is expressly stated to apply to any extension or renewal of the lease.

It follows that the appellant having held over after notice was given that the rent would be raised to $25 per month, was bound to pay the increased rental, and having refused to do so, the appellee was justified in taking the steps to eject him provided for by the lease.

The order of the court below is affirmed at the costs of the appellant.