Diamond, Appellant, *v.* Drucker.

Argued September 30, 1954. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Herbert L. Floum,* with him *Herman Weiner,* for appellants.

*Franklin Goldstein,* with him *Donald Bean* and *Wolf, Block, Schorr & Solis-Cohen,* for appellees.

OPINION BY RHODES, P. J., January 14, 1955:

This appeal is from a decree entered on a petition for a declaratory judgment and answer thereto, and the only question concerns the interpretation of a renewal clause in a lease between the parties. The facts, which are not in dispute, are contained in plaintiffs' petition and defendants' answer.

Plaintiffs were assignees of the original lessee. It is admitted that at the end of the original term the lease was extended for a term of one year and three months, or until December 31, 1952. The controversy arises from an alleged three-year renewal by the defendants (lessors) beyond December 31, 1952. On September 30, 1952, or more than ninety days before the end of the renewed term ending December 31, 1952, defendants by letter to plaintiffs attempted to renew the lease for a further period of three years from January 1, 1953.[1] The matter of construction here raised is whether, under clause 24 of the lease, this notice was effective. Upon receipt of defendants' three-year re-

---

[1] Defendants' letter reads:

"Pursuant to the terms of lease dated July 21, 1948, for the subject premises, assigned to you by Sherrie Dress Co. on October 18, 1948; in accordance with clause 24 therein, this is to notify you that it is our intention to extend this lease for a further period of three (3) years from January 1, 1953, upon the same terms and conditions contained therein.

"We wish to call your attention to the fact that under the terms of said clause 24, unless you advise us within thirty (30) days of receipt of this letter that you do not intend to accept this extension, same will automatically become effective."

newal notice plaintiffs did nothing; they held over and gave a ninety-day termination notice directed toward the end of an alleged automatic one-year extension ending December 31, 1953. If the three-year extension was valid, then admittedly plaintiffs could not terminate an alleged one-year extension ending December 31, 1953, by a ninety-day notice, as plaintiffs attempted to do. The court below held the notice of change in the term given in defendants' letter to plaintiffs of September 30, 1952, was effective to renew the lease for three years beyond December 31, 1952, and it entered a decree in defendants' favor. On exceptions this decree was affirmed by the court in banc. Plaintiffs appealed.

Clause 24 of the lease contains the usual provisions for termination at the end of the term by either party giving ninety days' notice. But the question concerns what relation this provision for termination upon ninety days' notice has to a later proviso giving appellees the right to "change the terms and conditions" of the lease by written notice prior to the expiration of any term. The important parts of clause 24 of the lease follow: "It is mutually agreed that either party hereto may determine this Lease at the end of said term by giving to the other party *written notice* thereof *at least ninety days* prior thereto, but in default of *such notice* this lease shall continue upon the same terms and conditions in force immediately prior to the expiration of the term hereof as are herein contained for a further period of one year and so on from year to year unless or until terminated by either party hereto, giving the other *ninety days written notice* for removal previous to expiration of the then current term; . . . provided, however, that if Lessor shall have given *such written notice* prior to the expiration of any term hereby created, *of its intention to change the terms*

*and conditions* of this lease, and Lessee shall not *with-in thirty days* from *such notice* notify Lessor of Lessee's intention to vacate the demised premises at the end of the then current term, Lessee shall be considered as Lessee under the terms and conditions mentioned in such notice for a further term as above provided, or for such further term as may be stated in such notice." [Italics supplied.]

Appellants set forth several reasons why appellees' ninety-day notice of renewal for a three-year period was not effective in this case. Appellants contend the clause allowing appellees to change the terms and conditions of the lease is ambiguous, and if considered literally would permit the latter to make such change on one day's notice. Accordingly appellants rely upon the familiar rule that, if there is ambiguity, a lease must be construed against the lessor and in favor of the lessee. *Darrow v. Keystone Stores, Inc.,* 365 Pa. 123, 126, 74 A. 2d 176.

We think that clause 24, read as a whole, is not ambiguous; that the notice by appellees of a three-year renewal was valid; and that the court below properly entered a decree to that effect in favor of appellees. If the ninety-day notice provision and the part giving appellees the right to change the terms and conditions of the lease are read together, it is clear that the ninety-day notice provision relates to the proviso which follows. As the court below said: "A notice of a change in conditions is obviously intended . . . to be the equivalent of a notice to terminate if the change is not accepted."

Throughout clause 24 the words "such notice" are used repeatedly and they plainly refer to written notice of "at least ninety days" prior to the end of the term. Notice of intention to change the terms and conditions of the lease is designated as "such written

notice," referring obviously to a notice given at least ninety days before the end of the term.

Appellants also argue that appellees had to give a ninety-day notice of termination before they could change the terms and conditions of the lease. It is unnecessary to resort to such a strained and unreasonable construction. The ninety-day notice and notice of change in terms and conditions were intended to be synonymous. Cf. *Worrell v. Rosenberry*, 74 Pa. Superior Ct. 152. Where the terms of a lease are not ambiguous, interpretation is for the court. In construing the contract, the agreement must be interpreted as a whole and words must be given their ordinary meaning. *Paull v. Pivar*, 161 Pa. Superior Ct. 233, 237, 53 A. 2d 826; *Sterle v. Galiardi Coal & Coke Co.*, 168 Pa. Superior Ct. 254, 258, 77 A. 2d 669.

Appellees' notice was given in accordance with the provisions of clause 24, and cases relied upon by appellants, holding a conditional notice of termination ineffective (*Fotterall v. Armour*, 218 Pa. 73, 66 A. 1001; *Spiess v. Simon*, 65 Pa. Superior Ct. 311; *Brown v. Brown*, 164 Pa. Superior Ct. 350, 352, 64 A. 2d 506), have no application.

The decree of the court below is affirmed, at the costs of appellants.