Commonwealth *v.* Hill, Appellant.

Argued November 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*W. J. C. O'Donnell,* with him *O'Donnell & O'Donnell,* for appellant.

*J. E. Stively,* with him *Joseph G. McKeone,* District Attorney and *John I. Watson,* Assistant District Attorney, for appellee.

*Theodore O. Rogers,* for County of Chester.

OPINION BY GUNTHER, J., January 17, 1956:

This is an appeal from a lower court order denying appellant's petition for remission of forfeiture of a bail bond. Appellant entered bail bond for defendant, who was charged with a violation of the Motor Vehicle Code, in February of 1954. The bond was conditioned

upon the defendant's appearance "at the May 1954 Term . . . to be holden on the Monday of May 10, 1954 and at such other times as the court shall direct." Defendant did appear at the May 1954 Term and then at the following two terms. On Friday, March 4, 1955, defendant's attorney, upon learning that the case would be listed for the next term beginning the following Monday, wrote the defendant at Oxford, Pa., to that effect. The letter did not arrive until Tuesday, March 8, 1955. On Monday, March 7, 1955, at the call, the bond was forfeited, defendant not answering. Appellant learned of the listing and forfeiture at noon of that same day and immediately hastened to Oxford, found the defendant, and turned him over to the authorities that same afternoon.

In April, 1955, appellant petitioned for remission of the forfeiture. The lower court denied the petition and the appeal to this court followed.

A petition for remission of forfeited recognizance is authorized by the Act of December 9, 1783, 2 Sm. L. 84, Sec. 2, 8 PS 171, by virtue of which the court is empowered to remit where a forfeiture is inequitable or where it is unwarranted under the law. The court below held that the bond in this case was properly forfeited and that no equitable considerations were shown such as to warrant remission. In so holding, the court below misinterpreted the wording of the recognizance. The bond reads that it is conditioned on the appearance of defendant "at the May 1954 term of the Court . . . to be holden on the Monday of May 10, 1954, and at such other times as the Court shall direct." This was erroneously construed to mean that defendant should appear at the May 1954 term and at such other times, or terms, as the Court might direct. We do not so read the condition of this bond. A recognizance is a contract of suretyship and as such it is subject to the rules

of construction applicable to contracts generally. Where the terms are not ambiguous, the interpretation of a contract is for the court. *Diamond v. Drucker*, 177 Pa. Superior Ct. 226, 110 A. 2d 820. A court is not authorized to construe a written contract in such a way as to modify the plain meaning of its words, under the guise of interpretation. *Best v. Realty Management Corp.*, 174 Pa. Superior Ct. 326, 101 A. 2d 438. In light of these principles we construe the bond in question to be clear and free of ambiguity. The phrase in the bond "and at such other times as the court shall direct" follows immediately the date "Monday of May 10, 1954," but is far removed in the sentence from the words "May 1954 term of the Court," which the court below would have the first phrase modify. It is a well accepted canon of grammatical construction that a word or phrase generally modifies its nearest logical antecedent. As so construed it is clear the condition of this bond is for defendant's appearance at the May 1954 term, which is to be held on May 10, 1954 and on other days of that term as the court shall direct. To read this contract otherwise would be to place a strained construction on a plainly worded document.

The defendant admittedly appeared as required during the May 1954 term. His case was continued but the bond was not renewed. Under the terms of the recognizance the condition had therefore been fulfilled and the subsequent forfeiture was unwarranted. The remission should have been granted.

Decree reversed and the case is remanded to the court below with directions to grant the petition and make the rule absolute.

RHODES, P. J., dissents.