## Commonwealth v. Deyton

166

*John E. Stively*, District Attorney, for Commonwealth.

*William J. C. O'Donnell*, for defendant.

WINDLE, P. J., November 13, 1956.—Petitioner herein prays the court to strike off the forfeiture of a bail bond on which he was surety, averring that for reasons appearing on the record said forfeiture was improperly entered. After argument, the application is before the court for disposition.

Petitioner points to the language of the condition of the bail bond which an examination of the bond itself reveals to be as follows:

"We, Virgil Lee Deyton Prin, Edward Gavin Surety Do acknowledge ourselves jointly and severally indebted to the Commonwealth of Pennsylvania in the sum of Three Hundred Dollars, to be levied of our and each of our lands and tenements, goods and chattels, conditioned that if the said Virgil Lee Deyton shall be and appear at the . . . term of the Court of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the Peace for the County of Chester, to be holden on the Monday of May 14, 1956, and at such other times as the Court shall direct, then and there to answer all such charges as may be preferred against

the said Virgil Lee Deyton and shall abide and not depart the Court without leave, and, in the meantime shall keep the peace and be of good behaviour toward all good citizens of this Commonwealth, then this recognizance to be void and of no effect, otherwise to remain in full force and virtue."

The record shows that the bond was forfeited May 31, 1956. Petitioner's position is that since the record does not show that defendant was directed to appear on May 31, 1956, that forfeiture was improper and should now be stricken off.

The form of bail bond containing the above quoted condition, except the phrase "and at such other times as the Court shall direct", was prepared by this court 50 years ago. It was approved by the court for use in entering bail in this court and has for that length of time been so used to the knowledge of the writer of this opinion. It has always been construed by this court to mean that defendant was obligated to appear at any time during the term designated and not depart the court without leave. Recently the court, as presently constituted, inserted the phrase, "and at such other times as the court shall direct", in order to make it unnecessary for defendants, whose cases had been continued over the term, to enter new bail, with the consequent expense of paying a professional bondsman in many cases, such defendants being directed to appear at the next term of court. It is true the Superior Court took a different view of the effect of said phrase (Commonwealth v. Hill, 180 Pa. Superior Ct. 430), but that does not control the question before the court in this case.

By the rules of this court there are four terms of the court of oyer and terminer and general jail delivery and quarter sessions in this county, the first day of each term being fixed by reference to a certain Monday within one of the calendar months and each term last-

ing until the next term begins. On the first day of each term, the grand jury meets for the consideration of bills of indictment and any other matters properly presented to it. By the same rules of this court, two weeks thereafter, to wit, on the third Monday of each term, a stated trial session begins at which the petit jury is present for the trial of cases.

As stated, the above quoted condition of the bail bond here in question has always been construed by this court to mean that a defendant was obligated to appear at any time during the term, not simply during the trial session, and not to fail to do so and not to depart the court without leave. Sureties on bail bonds for their own protection should see that their principals comply with that obligation. The burden has always been upon defendants, in propria persona or through counsel or their bail, to ascertain when within the term their presence was required for trial, the burden not being upon the court or the district attorney to notify them specifically of any particular day within the term when they should be here. By our said rules of court, defendants and their bondsmen have notice in law of the time when defendants are required to be present. Petitioner here, who is a professional bondsman, must be considered to have knowledge of such long standing practice and procedure. In any event, he and his principal are charged with knowledge of our rules of court.

A term of this court, commonly called and referred to as the "May Term", began on May 14, 1956. The trial session within said term began May 28, 1956, and continued through May 31st. On the latter day, the case of the above named defendant was called and he did not respond. His bond was accordingly forfeited. We see no reason why it should not have been. By executing said bond he had undertaken to be present, for arraignment or trial, at any time during the term of court beginning May 14, 1956, not merely to appear on

that day. The phrase in the bond, "to be holden on the Monday of May 14, 1956", was merely descriptive of the time when the term of court in question began and its use does not mean that defendant was obligated to be in court on that day only. Such a narrow construction cannot be accepted. Defendant was not here within that term when his presence was required for the disposition of the prosecution pending against him nor, according to the record, had he leave of court to be absent. It will be noted that the day the bond was forfeited was within the stated trial session the time of which he, in law, had notice by virtue of our rules of court. Petitioner here was under obligation to see that his principal complied with the conditions of his bond. If the principal failed in that respect, petitioner is entitled to no relief but must accept the consequences as one of the risks he assumes when he becomes bail for defendants and for which he is compensated.

Rule discharged. Petition denied.