## Commonwealth ex rel. Miller *v.* Miller (et al., Appellant).

Argued September 19, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Herbert K. Fisher*, with him *Bloom, Ocks and Fisher*, for appellant.

*E. William Heuser*, with him *Torak and DeYoung*, for appellee.

200

OPINION BY HOFFMAN, J., November 16, 1967:

Appellee, Janet Miller, had filed a criminal complaint on February 4, 1966, which charged her husband, Morris Miller, appellant herein, with desertion and nonsupport. A hearing was held before a Justice of the Peace on February 5, 1966, and appellant was held in $1000.00 bail for Court. Appellant and his surety, the Allegheny Mutual Insurance Company, executed an appearance bond in the amount of $1000.00 which provided in part: ". . . Morris Jay Miller shall be and appear in Criminal Court for arraignment or trial or when wanted and there answer such charges as may be preferred against him, the said Morris Jay Miller and to abide and not depart said Court without leave, . . ." The bond was labeled "Recognizance for Appearance."

On March 8, 1966, a hearing was held in the office of the chief desertion officer. A temporary support order was entered by agreement of the parties, and appellant executed a $500.00 compliance bond. That bond was labeled "Recognizance to Comply with Order" and provided in part that ". . . Morris Miller shall, will and do comply with the order of court made in above case in all particulars. . . ."

Appellant thereafter appeared before the Honorable FREDERICK B. SMILLIE on March 25, 1966, to answer the charges against him. The Court imposed an order requiring that appellant pay support for appellee and their minor child. The Court further ordered appellant to execute a compliance bond in the amount of $500.00.[1] Lastly the Court stated that ". . . your bond

---

[1] Although the Court order required a compliance bond of only $500.00, appellant apparently inadvertently executed a bond in the amount of $1000.00. The forfeiture with which we must deal in this case involves solely the appearance bond of $1000.00 and not the compliance bond in that amount.

of $1000.00 is continued in that amount for security on the support. . . ."

Appellant, subsequently, defaulted in his support payments. On November 2, 1966, appellee filed a petition requesting that the $1000.00 appearance bond be forfeited and paid to her on the grounds that her husband had made no support payments and had failed to appear for the resulting attachment proceedings. Service of the petition and rule was made upon the District Attorney of Montgomery County and the surety. No answer was filed by either and the rule was made absolute on November 29, 1966. The surety was ordered to pay $1000.00 to appellee.

On January 5, 1967, appellant's surety filed a "petition to reverse," alleging, inter alia, that the bond in question was intended to assure appellant's appearance at the hearings held on March 8 and March 25, 1966, and that it was not a guarantee for the support payments ordered at those hearings. Appellee moved to strike off this petition. On May 29, 1967, an order was entered by the Honorable J. WILLIAM DITTER, JR. granting appellee's motion to strike the petition to reverse.[2] This appeal followed.

Appellee contends preliminarily that our court lacks jurisdiction to pass on the propriety of the court's order because, ordinarily, in a suit upon a forfeited recognizance bond, ". . . it must be taken for verity that the defendant and his bail were duly called and did not appear or answer," by the court on appeal. *Commonwealth v. Flomenhaft*, 3 Pa. Superior Ct. 566 at 569 (1897); see also *Commonwealth v. Richardson,*

---

[2] Although the record in this case is far from clear and some of the procedures followed below are very questionable, Judge DITTER's opinion indicates that the court elected to treat the "petition to reverse" as a "petition to strike" and therefore dealt with the merits of appellant's petition. For this reason, our Court will likewise consider the merits of appellant's contentions.

174 Pa. Superior Ct. 171, 100 A. 2d 155 (1953). The question in the instant case, however, is not whether appellant was properly summoned to trial or whether he failed to appear. It is rather, whether the terms of the bond required his appearance before a court for noncompliance with a support order at a date subsequent to the hearings at which those orders were entered. In such cases it is appropriate for our Court to review the terms of the bond and the circumstances surrounding the order of forfeiture. See *Commonwealth v. Miller,* 189 Pa. Superior Ct. 345, 150 A. 2d 585 (1959). Therefore, the instant case is properly before us.

Appellant contends that the terms of the bond did not permit the court to order the forfeited funds paid to appellee as a result of appellant's default in support payments. A recognizance bond is a contract of suretyship and as such is subject to the rules of construction applicable to contracts generally. *Commonwealth v. Hill,* 180 Pa. Superior Ct. 430, 119 A. 2d 572 (1956); *Marshall Appeal,* 416 Pa. 64, 204 A. 2d 243 (1964).

In this case, three recognizance bonds are part of the record. Two of the bonds are labeled compliance bonds, and the one in question is termed an appearance bond. The terms of the appearance bond, in our opinion, only required that appellant appear before the court for hearings to determine whether a support decree should be entered. The terms of the compliance bonds were markedly different. As stated above, they guaranteed that the appellant ". . . shall, will and do comply with the order of court made in above case in all particulars. . . ." Thus, the compliance bonds themselves referred to the court order directing support payments. The appearance bond contains no such reference.

To find that the surety in this case agreed to assume the risk that appellant would comply with a con-

tinuing order of support does not comport with the language of the appearance bond or the intention of the parties. The support order could continue in force for one, five or even fifty years. This risk upon the surety therefore, is far greater and vastly different from the risk of assuring appellant's appearance at his trial or hearing. There is no direct language in the bond which expressly guarantees appellant's subsequent appearances. A fair reading of the language in the appearance bond: ". . . for arraignment, or trial or when wanted and there answer such charges as may be preferred against him, . . . ." cannot reasonably be construed as referring to any subsequent hearing relating to compliance with the support order. See *Commonwealth v. Hill,* 180 Pa. Superior Ct. 430, 119 A. 2d 572 (1956). Moreover, the requirement of a compliance bond at the March 25, 1966, hearing, noted above, negates the inference that the appearance bond was likewise meant for support purposes.

This case is somewhat similar to *Marshall Appeal,* supra. In that case the bond required the appearance of Eileen Marshall "before the Orphans' Court . . . for adjudication of said alleged contempt at such time or times as the Court may fix." A hearing was held at which time she was adjudged in contempt of court but sentencing was postponed. Eight months later she failed to comply with a court order directing her to appear for sentencing. The Court forfeited the bond. The Supreme Court reversed the order of the lower court and stated: "The bondsmen cannot be said to have assumed the risk created by the Court in this case. . . . Bondsmen who agree to assume the risk that a defendant will appear for 'adjudication of contempt' cannot be said to have agreed that they would guarantee that a defendant who has been adjudged in contempt would appear for sentencing. . ." at 71.

In the instant case, it is true that the lower court, after ordering support for the appellee and the minor

child, stated ". . . this bond of $1000.00 is continued in that amount for security on the support. . . ." The court, however, has no power to alter the terms of the appearance bond. By continuing the bond as security for compliance with the support order, the Court, unilaterally attempted to change the bail bondsman's bargain. See *Marshall Appeal,* supra. The court, in our view, could not effectuate this extension of the bond. The surety's obligation, therefore, was discharged when appellant appeared at the initial support proceedings on March 8 and 25, 1966.

Order reversed and appellant's obligation discharged.

WRIGHT, J., would affirm on the opinion of Judge DITTER.