## Commonwealth v. Basendorf, Appellant.

*Bail—Recognizance—Forfeiture—Criminal law—Practice.*

After a prisoner has been committed to jail, an alderman has the right to take recognizance and discharge him from custody.

A short entry on the record of "Recognizance forfeited, May 5, 1891," is conclusive that the defendant and bail were called and did not appear.

Argued Oct. 28, 1892. Appeal, No. 87, Oct. T., 1892, by defendant, Margaret Basendorf, from order of Q. S. Allegheny Co., Dec. T., 1891, No. 1, making absolute a rule for judgment for want of sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur recognizance.

The record showed that defendant had, on Feb. 16, 1891, entered into recognizance for the appearance of Kate Mc-Namara before the court of quarter sessions. The following entry appeared, "Recognizance forfeited, May 5, 1891."

The defendant averred in her affidavit of defence that Kate McNamara, the prisoner, had a hearing before John Gripp, Esq., alderman, within and for the city of Pittsburgh, and was, by the said alderman, on Jan. 26, 1891, committed to the jail of Allegheny county, for trial at the following March term of the court, whereupon the jurisdiction and power of the alderman and the recognizance afterward taken by him on Feb. 16, 1891, on which the scire facias issued is void.

The court made absolute a rule for judgment for want of a sufficient affidavit of defence, in an opinion by McCLUNG, J., on the authority of Moore v. Com., 6 W. & S. 314; 2 Pars. 458; Fox v. Com., 81* Pa. 511.

*Error assigned* was entry of judgment as above.

*Frank Whitesell, Wm. W. Whitesell* with him, for appellant, cited: Act of April 4, 1837, P. L. 378; April 14, 1863, P. L. 451; Knerr v. Bradley, 105 Pa. 190; Ecoff v. Gillespie, 31 Pitts. L. J. 127; Hunter v. Rielly, 36 Pa. 509.

*R. S. Martin, Clarence Burleigh*, district attorney, with him, for appellee, cited: Stehle v. Com., 34 Pitts. L. J. 147; Com. v. Snyder, 34 Pitts. L. J. 174; Com. v. Nowland, 10 S. & R. 355;

Clark v. McComman, 7 W. & S. 469; Furst v. Ayres, 2 W. N. 722; Searfoos v. Davenport, 4 Kulp, 426, and cases cited by court below.

PER CURIAM, January 3, 1893:

We think the court below was right in entering judgment for want of a sufficient affidavit of defence. The magistrate had the right to take the recognizance, and the short entry of " Recognizance forfeited, May 5, 1891," is conclusive in this case that the defendant and the bail were called and did not appear.

Judgment affirmed.