# Commonwealth v. Harvey, Appellant.

*Recognizances—Bond—Forfeiture—Appeals—Certiorari—Record.*

An appeal from an order of the quarter sessions discharging a rule to show cause why the forfeiture of a recognizance should not be remitted, and the judgment stricken off, cannot be treated as an appeal under the Act of December 9, 1783, 2 Sm. L. 84, but rather as a substitute for a certiorari, and any application to strike off the judgment can only be sustained on the ground of irregularity appearing on the record.

The fact that the grand jury returns "no true bill," and that on the day of the forfeiture, the case is continued in open court to the next term, with leave to again submit it to the grand jury, does not work a discharge of the defendant. It is clearly his duty when called in open court, the term not having expired, to appear and renew his recognizance, or surrender himself into the custody of the sheriff. If he fails to do either it is within the discretion of the court to refuse to remit or modify the forfeiture.

Argued March 11, 1908. Appeal, No. 11, March T., 1908, by defendant, from order of Q. S. Dauphin Co., Jan. T., 1906, No. 57, discharging rule to remit forfeiture in case of Commonwealth v. Frank Harvey and the Title Guaranty & Trust Company of Scranton. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to remit forfeiture of recognizance. Before KUNKEL, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to remit forfeiture.

*Troutman & Llewellyn* and *Hargest & Hargest*, for appellant.—There are two distinct propositions raised in this appeal:

1. The effect of the finding of the grand jury, "No true bill" upon the forfeiture of the recognizance for the appearance of the defendant.

2. The effect of the continuance of the case made in open court some time before the bail was forfeited.

We hold that both of these were tantamount to "leave to depart the court:" Com. v. Kohle, 2 Kulp, 329; Com. v. Rice, 15 Pa. Dist. Rep. 604; Rowand v. Com., 82 Pa. 405; People v. Van Horne, 8 Barb. (N. Y.) 158; Mishler v. Com., 62 Pa. 55.

*John Fox Weiss,* district attorney, with him *W. H. Musser,* assistant district attorney, and *W. H. Middleton,* county solicitor, for appellee.—Since the proceedings on the forfeited recognizance were not in the common pleas, no appeal lies. The Act of December 9, 1783, 2 Sm. L. 84, makes no provision for an appeal from the orders or judgments of the courts of quarter sessions, in refusing to moderate or remit forfeited recognizances: Bross v. Commonwealth, 71 Pa. 262; Commonwealth v. Oblender, 135 Pa. 530; Commonwealth v. Bird, 144 Pa. 194; Com. v. Flomenhaft, 3 Pa. Superior Ct. 566.

The return of ignoramus of a bill of indictment by the grand jury does not, ipso facto, work a discharge of the defendant or his recognizance: State v. Stout, 11 N. J. Law, 124; Com. v. McAnany, 3 Brewster, 292; Mishler v. Com., 62 Pa. 55.

It is a matter entirely within the sound discretion of the court below as to the levy, moderation or remission of a forfeited recognizance, and except for gross abuse of this discretion, the higher courts will not disturb the findings and conclusions of the court below: Com. v. Cohen, 22 Pa. Superior Ct. 55; Com. v. Miller, 6 Pa. Superior Ct. 35.

OPINION BY MORRISON, J., April 20, 1908:

This is styled an appeal of The Title Guaranty & Trust Company of Scranton, Pennsylvania, from the judgment of the court of quarter sessions of Dauphin county, refusing to remit a forfeiture of the appellant's recognizance, duly entered into, conditioned for the appearance of the defendant, Frank Harvey, in the said court, and to abide the order thereof and not

depart the court without leave.  The record shows that the recognizance was duly forfeited in open court on January 11, 1906.

In Commonwealth v. Flomenhaft, 3 Pa. Superior Ct. 566, we held, as stated in the syllabus: "An appeal from the order of the quarter sessions discharging a rule to show cause why the forfeiture of a recognizance should not be remitted and the judgment stricken off cannot be treated as an appeal under the act of 1783, but rather as a substitute for a certiorari, and any application to strike off the judgment can only be sustained on the ground of irregularity appearing on the record."  That case and the authorities therein cited, conclusively demonstrate that no appeal lies from the judgment of the quarter sessions refusing to remit or moderate the forfeiture of a recognizance entered into in said court.  "Where there is a regular and formal forfeiture of a recognizance the liability of the recognizors is absolutely fixed thereby, and relief therefrom should be sought by petition to the court to respite the recognizance for cause to be shown under the Act of December 9, 1783, 2 Sm. L. 84: Foulke v. Com., 90 Pa. 257. In a suit upon a recognizance the entry of a forfeiture stands for proof of all the steps necessary to complete the forfeiture, upon the principle omnia præsumunter rite esse acta; hence it must be taken for verity that the defendant and his bail were duly called and did not appear or answer: Fox v. Com., 81* Pa. 511; Com. v. Basendorf, 153 Pa. 459."

An examination of the record proper, brought up by the certiorari, does not show any ground of error for the reversal of the judgment.  But if we had power to consider the facts and the opinion of the court, we can discover no ground for a reversal, even if the case were before us on appeal.  The fact that the grand jury returned "no true bill," and that on the day of the forfeiture, to wit: January 11, 1906, the case was continued in open court to March sessions, 1906, with leave to again submit it to a grand jury, did not work a discharge of the defendant.  It was clearly his duty when called in open court, the term not having expired, to appear and renew his recognizance or surrender himself into the custody

of the sheriff. He failed to do either, and it thereupon became the duty of the appellant to renew the recognizance or surrender the defendant. But the appellant did neither. It was therefore clearly in the discretion of the court of quarter sessions to refuse to remit or modify the forfeiture. Where a defendant is under a recognizance to appear in the quarter sessions and abide the order of the court and not depart the court without leave, it is a mistake to suppose that a return of not a true bill by the grand jury is in law a discharge of the defendant. It is nothing of the kind for he is still bound by his recognizance to appear when called and obey the order of the court. After the bill was returned ignored, a formal discharge of the defendant, by the court, would have released his recognizance. But this was not procured. We cannot sustain any of the assignments of error.

The appeal is dismissed at the costs of the appellant, and the judgment is affirmed.