# Commonwealth *v.* Iskoe (et al., Appellant).

*Recognizance—Bail—Forfeited recognizance—Judgment—Rule to strike off — Charges within term — Indictment — Discharge of bail—Criminal law.*

1. Where an accused is not produced for trial at the term to which he was bound over and does not appear, the bail cannot take advantage of the default and claim exemption of liability from a failure on the part of the Commonwealth to forfeit the recognizance at that term.

2. A notation on an indictment that a recognizance was forfeited after the termination of the term of the court to which an accused was bound over, will be treated as a superfluity and mere error, where the affidavit of the clerk of the court and a proper

record of the court shows that the recognizance was forfeited within the proper term.

3. Where an accused is required to appear during a certain term of court, the fact that no indictment is found against him does not relieve him from the necessity for such appearance.

4. If he fails to appear, the recognizance is forfeited whether or not there is an indictment.

Argued February 7, 1927. Before FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 129, Jan. T., 1927, by defendant, Moskowitz, surety, from order of Q. S. Phila. Co., Aug. T., 1926, No. 7, discharging rule to strike off judgment on recognizance, in case of Commonwealth v. Henry Iskoe and Julius Moskowitz. Affirmed.

Rule to strike off judgment entered on forfeited recognizance. Before STERN, J.

The opinion of the Supreme Court states the facts.

Rule discharged. Defendant Moskowitz, surety, appealed.

*Error assigned* was order, quoting it.

*B. D. Oliensis,* with him *Joseph H. Lieberman,* for appellant.—The recognizance which was entered on February 9, 1925, and was conditioned for defendant's appearance at the next term of court, March Term, 1925, not having been forfeited until April 30, 1926, had expired by its own limitations and no action could be maintained thereon: Keefhaver v. Com., 2 P. & W. 240; Com. v. Blumberg, 56 Pa. Superior Ct. 589; Mishler v. Com., 62 Pa. 55.

Even if there had been a forfeiture declared during the March Term of 1925, in the absence of an indictment, that forfeiture was illegal and irregular and did not give rise to any cause of action: Com. v. McAnany, 3 Brewster 292; Com. v. Schultz, 29 Pa. C. C. R. 228.

*John H. Maurer,* Assistant District Attorney, with him *Charles Edwin Fox,* District Attorney, for appellee.—The recognizance was lawfully forfeited at the March Term, 1925: Pierson v. Com., 3 Grant 314; Rhoads v. Com., 15 Pa. 272; Com. v. Fox, 81* Pa. 511; Com. v. Basendorf, 153 Pa. 459; Foulke v. Com., 90 Pa. 257; Com. v. Oblender, 135 Pa. 530; Com. v. Smith, 62 Pa. Superior Ct. 288; Com. v. Harvey, 36 Pa. Superior Ct. 235; Com. v. Blumberg, 56 Pa. Superior Ct. 589.

The forfeiture of the recognizance at the proper term was not vitiated because the indictment was not found until a later term: Com. v. McAnany, 3 Brewster 292; Com. v. Schultz, 29 Pa. C. C. R. 228; Com. v. Harvey, 36 Pa. Superior Ct. 235.

OPINION BY MR. JUSTICE SCHAFFER, April 11, 1927:

Appellant complains because the court below refused to strike off a judgment entered against him on a forfeited recognizance wherein he was the bail.

On February 9, 1925, appellant entered into the recognizance before a magistrate in the sum of $5,000 conditioned that Henry Iskoe, who had been bound over by the magistrate for a misdemeanor, should appear at the next term of criminal court "to answer all such charges as may be preferred against" him "and shall abide and not depart the court without leave." The recognizance contained a warrant of attorney authorizing the confession of judgment thereon in the event of its being forfeited. On August 13, 1926, an action was begun by the Commonwealth on the forfeited recognizance and judgment was duly confessed, whereupon appellant on petition filed obtained a rule to show cause why the judgment should not be stricken off and the forfeiture remitted.

It is admitted that the transcript of the magistrate was duly returned to court before the next term but appellant contends that the recognizance (1) was not forfeited during the term of court to which the case was

originally returnable and (2) that, assuming there was a forfeiture during the term, such forfeiture is invalid in face of the fact that no charges were preferred against the defendant during that term and not until thirteen terms thereafter.

The case has been so admirably disposed of by the able judge who considered it in the first instance that we deem it proper to follow his conclusions. After pointing out that the defendant did not appear "at the next" term of court which was that of March, 1925, and that he has never appeared but is a fugitive from justice, the judge in his opinion thus sums up appellant's first contention which he says "rests upon the allegation that the bond was not forfeited in open court until April 30, 1926, and in support of such contention he [appellant] points out that there is a notation to that effect upon the bill of indictment. Upon a copy of the magistrate's transcript [however] it is noted that the recognizance was forfeited on April 3, 1925. One of the counsel for the petitioner has filed an affidavit setting forth that he examined this copy of the magistrate's transcript at various times prior to April, 1926, and found no such notation thereon, and that it appeared thereon for the first time during the month of April, 1926, and even at that time it was not signed by the clerk and that the clerk's signature to such notation was not appended until August, 1926. In answer to these allegations an affidavit has been filed by Martin P. Flaherty, assistant clerk of quarter sessions, to the effect that the bond in question was duly forfeited in open court on April 3, 1925 (at the end of the March Term, 1925), and in corroboration of such allegation he points out that, for the purpose of recording and registering forfeitures of recognizances, a book is kept which is called 'Daily Return of Indictments from Grand Juries and Forfeitures' and that the entry of such forfeiture duly appears in said book in its chronological place on April 3, 1925. He also alleges that the entry of the forfeiture on April 3, 1925, noted

on the copy of the magistrate's transcript, was made on that date and not later."

From the foregoing the court found as a fact that appellant's counsel was mistaken in his recollection and from all the records and evidence in the case that the recognizance was duly forfeited in open court on April 3, 1925, which was the last day of the March Term, 1925, in this connection saying "the entry of the forfeiture in its proper chronological order in the book of the 'Daily Return of Indictments from Grand Juries and Forfeitures,' which book is a part of the records of the court, is convincing evidence of the fact that the forfeiture was actually made on April 3, 1925. The endorsement on the bill of indictment giving the date as April 30, 1926, is at best a superfluity and a mere error." These conclusions of the court with which we acquiesce dispose of the first question raised by appellant adversely to his contention.

Lest it might be thought that it is our view that recognizances under all circumstances must be forfeited during the term of court to which they are returned or the bail will be discharged, we think it advisable to say that we do not so determine under all circumstances. Where the accused is not produced for trial at the term to which he was bound over and does not appear, the bail cannot take advantage of the default and claim exemption of liability from a failure on the part of the Commonwealth to forfeit the recognizance at that term: Com. v. Bird, 144 Pa. 194; Com. v. Harvey, 222 Pa. 214; Com. v. Blumberg, 56 Pa. Superior Ct. 589.

As to appellant's second proposition, that even though there was a forfeiture within the term to which the case was returnable, he is released from liability because no charges were preferred against the accused during that term in the sense that no indictment was then prepared against him and none was presented to the grand jury, the law as the court below determined is definitely to the contrary. "Where a defendant is required to appear during a certain term of court, the fact that no indict-

ment is found against him does not relieve him of the necessity for such appearance": 3 R. C. L. p. 48, section 57. "If the principal fails to appear according to the obligation, the bond or recognizance is forfeited whether or not there is an indictment or information": 6 C. J. 1028-9; Com. v. Harvey, 36 Pa. Superior Ct. 235. If the law were as appellant's counsel argue, the failure to present an indictment would discharge the bail even though the Commonwealth might find itself unable to proceed because of sick or absent witnesses. Society would be the sufferer if such were the rule.

We concur with this statement of the court below: "In conclusion, it may be stated that, inasmuch as the defendant, Iskoe, did not appear, has never appeared, and is still a fugitive from justice, it would seem to be a miscarriage of justice to grant the petitioner's request to strike off the judgment and remit the forfeiture."

The order of the court is affirmed at appellant's cost.