Commonwealth of Pa. *v.* Alfred Miller and Alfred Miller, Sr., Appellant.

Argued March 15, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Samuel Moyerman,* for appellant.

*John H. Maurer,* Assistant District Attorney, and with him *Charles F. Kelley,* for appellee.

OPINION BY BALDRIGE, J., May 4, 1932:

The appellant complains that the court below erred in discharging a rule to open judgment against him and return cash bail in the sum of $600.

On February 11, 1931, Alfred Miller was arrested on the charge of receiving stolen goods. At the preliminary hearing held the following day before a magistrate, he appeared and was held in bail, furnished by John Morrison, in the sum of $600, conditioned for his appearance at a further hearing on February 18, 1931. Miller did not then appear, nor was the bail forfeited, as the appellant, the defendant's father, gave substitute bail for his son's appearance on February 24, 1931, when the defendant again did not attend. Two days thereafter, the appellant deposited $600 cash bail and signed his recognizance, conditioned for his son's appearance on March 3, 1931. A respite was granted to March 17, 1931, when the defendant once more failed to respond, and the recognizance was then forfeited and the transcript of the magistrate, with the forfeited recognizance, was returned to the quarter sessions on March 20, 1931. Judgment, by confession, was entered on March 27, 1931, and notice thereof was sent to the appellant, and the money was attached. On August 27, 1931, an auditor was appointed to distribute the funds. On November 14, 1931, the appellant filed his petition to open the judgment and demanded return of the cash bail.

The appellant contends that the entry of the cash bail was of no binding effect as the defendant disappeared after the entering of bail on February 18th and was not present when the $600 was paid and the recognizance entered. The power to fix bail or accept

recognizance, and permit substitution thereof, is a judicial power, and the officer has the right to exercise reasonable discretion respecting the amount, the sureties, and all other matters in connection therewith. They are necessary incidents to judicial power, subject only to limitations imposed by the constitution and statutes. Section 8 of the Act of March 31, 1860, P. L. 427 (19 PS 53), provides ''That nothing herein contained shall prevent the person thus arrested and detained from giving new bail or sureties for his appearance, who shall have the same right of surrender hereinbefore provided.'' Objections to the manner of taking bail, omitting to recite certain details in the bond, or other technical defects, are not regarded with special favor, as the furnishing of bail is the voluntary act of the accused, or of the one acting in his behalf, and it is for his benefit. The bail obligates the surety to procure the appearance of the accused at the time designated, and he is bound thereby. To be relieved therefrom, there must be an actual surrender: Berkstresser v. Com., 127 Pa. 15; Com. v. Iskoe, 289 Pa. 159. Section 7 of the Act of 1860, supra (19 PS 51), states that ''In all cases the party accused, on oath or affirmation, of any crime or misdemeanor against the laws, shall be admitted to bail,'' subject to certain provisions. It will be noted that the statute does not require that the accused must be in actual custody. He may voluntarily appear and enter bail before a court, waiving arrest and a preliminary hearing. Upon admission to bail, the accused is then not only in the custody of his bail, but he is also in the custody of the law: 6 C. J. 952. The failure of the principal to sign his bail or recognizance, as the case may be, does not render it invalid: Com. v. Lamar, 32 Pa. Superior Ct. 200. Nor may the bail bond be attacked because the accused was not present when bail was accepted. In Ewing v. U. S., 240 Fed. Rep. 241, the court stated: ''Whatever requirements may attend

a technical recognizance, there is no case, so far as we know, in which it is held that the offender and his surety, or either of them, is required to appear in open court, or personally, go before the judge, in court or elsewhere, before, or at the time of, executing a bail bond. The consideration running to the surety is the release of the offender from custody.'' The Act of April 7, 1921, P. L. 118 (19 PS 73), provides that in criminal proceedings, in lieu of bail and recognizance, a party is authorized to deposit bail in current funds of the United States. There can be no question, therefore, as to the authority to accept the money deposited as security.

The appellant argues: ''If the defendant is dead, has disappeared, or is not known to exist by anyone, the 'Cash Bail Act' does not apply.'' Fleeing the jurisdiction by the defendant and his failure to appear, or his whereabouts being unknown, do not raise a presumption of his death when only several months have elapsed, and his unexplained absence does not discharge the bond. Otherwise, this would be a very easy expedient to release sureties and defeat the very purpose of entry of bail.

A review of the entire record fails to disclose any legal or equitable reason for the remission of the sum deposited, especially in view of the appellant's voluntarily paying this sum after he knew his son had failed to appear on February 18th.

The decree of the court below is affirmed.