Commonwealth *v.* Richardson, Appellant.

Argued October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and GUNTHER, JJ.

*Harry R. Back,* with him *Garfield W. Levy* and *Back & Levy,* for appellants.

*Samuel Dash,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY RENO, J., November 11, 1953:

These appeals were taken from three separate orders of the court below denying in part appellant's several petitions for the remission of forfeited recognizances, for opening of judgments entered thereon and for vacating executions.

Save for dates, names and other details the petitions are similar in form and substance. Appellant averred that he had entered bail in specified sums for the appearance in the court below of designated defendants to answer for various criminal prosecutions; that subsequently bills of indictment were found against the defendants; that the defendants failed to appear on the date set for trial and "the bond of your petitioner was ordered forfeited" for their non-appearance; that subsequently, on a day stated, judgment was entered upon the bond;[1] and that, because subsequently the defendant was apprehended, either by ap-

---

[1] In Philadelphia, the Court of Quarter Sessions possesses exclusive jurisdiction of forfeited recognizances, and they are therein prosecuted to final judgment. Act of April 22, 1846, P. L. 476, §4, 17 P.S. §503.

pellant or through his efforts, he prayed for the remission of the forfeiture.

After hearings at which testimony was taken, Judge FLOOD entered the following generous orders: In the case of defendant Richardson (No. 207) the bail was $300 and the forfeiture was remitted to $200; Williams' (No. 208) bail was $300 and was remitted to $150; and Sheppard's (No. 209) bail of $500 was remitted to $250.

Briefly stated, appellant's contention is that the practice followed in Philadelphia in the forfeiture of bail bonds is erroneous in that forfeitures are entered in cases not listed for trial, cases in which defendants were not called for trial or that the sureties are not specifically notified of the date or place of the trial, and other practices alleged to be prejudicial to sureties.

Obviously, the contention cannot be reviewed on these appeals. The cases are here on certiorari, *Bross v. Com.*, 71 Pa. 262; *Com. v. Flomenhaft*, 3 Pa. Superior Ct. 566, and only the regularity of the records can be examined. The records before us completely demonstrate that the bail bonds were regularly and properly forfeited, *Com. v. Basendorf*, 153 Pa. 459, 25 A. 779, and appellant's own petitions to the court below averred facts explicitly showing the regularity of the proceedings. "In a suit upon a recognizance *the entry of a forfeiture stands for proof of all the steps necessary to complete the forfeiture,* upon the principle omnia praesumunter rite esse acta; hence it must be taken for verity that the defendant and his bail were duly called and did not appear or answer." (Emphasis added.) *Com. v. Flomenhaft,* supra, p. 569. Moreover, since appellant did not contest the validity of the judgments in his petitions for remission, he cannot raise that question for the first time on appeal.

Judgments affirmed.