Commonwealth *v.* Jakub, Appellant.

Argued November 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Francis Taptich,* for appellant.

*Sidney Baker,* with him *Edward C. Boyle,* District Attorney, *William Claney Smith,* Assistant District Attorney, and *Boreman, Parker, Krause & Horwitz,* for appellee.

OPINION BY WRIGHT, J., December 28, 1956:

Agnes Jakub filed an information before an alderman of the City of Pittsburgh in which she charged her husband, Albert J. Jakub, with the misdemeanor of wilful separation and neglect to maintain as proscribed by Section 731 of the Act of June 24, 1939, P. L. 872, 18 PS 4731. The defendant and his father, John Jakub, entered into a cash recognizance in the amount of $1000.00 calling for defendant's appearance in the Court of Oyer and Terminer and Quarter Sessions for the County of Allegheny. An indictment was presented to the Grand Jury, and a true bill returned. On December 8, 1954, when the case was called for trial, the defendant did not appear and the recognizance was forfeited. Two days later, upon petition of the clerk of courts, the forfeited deposit (less costs) was by court order paid to the county treasurer. On December 28, 1954, defendant being in New Jersey, extradition proceedings were commenced. On January 24, 1955, upon the assurance that defendant would be produced, the case was continued pending the completion of another trial in which defendant's attorney was then engaged. On February 11, 1955 defendant appeared and waived jury trial. He was adjudged guilty and sentenced to pay the costs and support in the amount of $18.00 per

week. On June 29, 1955, on behalf of John Jakub, there was presented to the Court of Quarter Sessions a "Petition for Remission of Moneys of Forfeiture". On October 12, 1955, the County of Allegheny filed preliminary objections (apparently later abandoned). On October 17, 1955, Agnes Jakub was permitted to intervene and thereafter submitted an answer. On October 28, 1955, she filed a separate "Petition to Pay Forfeited Bond to Wife". On March 27, 1956, the court below filed an opinion and order refusing to remit the forfeiture and directing that the proceeds be paid to the wife. John Jakub has appealed.

No testimony was taken in the lower court, and the record has not been printed. The foregoing recital of the procedural situation was evolved from our examination of the docket entries and the original papers. By way of background we note certain additional circumstances set forth in the opinion of the court below. The wife originally instituted in the Court of Common Pleas an action for divorce a mensa et thoro alleging abandonment, indignities, and adultery. In that proceeding the husband's Florida divorce was declared invalid, and a decree was entered in favor of the wife "without prejudice for petitioner to apply for alimony". Then followed the information before the alderman. All parties, including the bondsman, were notified of the date set for trial. Four days prior thereto the district attorney received a telegram from defendant stating that he could not be present. This telegram contained no sufficient reason for a continuance. Defendant's compliance with the subsequent support order was irregular, and payments were entirely discontinued on June 10, 1955.

Appellant contends (1) that he was not notified to produce the defendant; (2) that the court was not in-

formed of defendant's telegram; and (3) that there was "confusion and misunderstanding", as between the Court of Quarter Sessions and the County Court. Passing appellee's argument that these contentions were not advanced in the court below, see *Commonwealth v. Mays*, 182 Pa. Superior Ct. 130, 126 A. 2d 530, they cannot be reviewed upon this appeal. The case is here on certiorari and we examine only the regularity of the record: *Commonwealth v. Richardson*, 174 Pa. Superior Ct. 171, 100 A. 2d 155. As in the *Richardson* case the record before us completely demonstrates that the bail bond was regularly and properly forfeited. Upon the principle omnia praesumunter rite esse acta, the entry of the forfeiture stands for proof of all the steps necessary to complete it: *Commonwealth v. Flomenhaft*, 3 Pa. Superior Ct. 566; *Commonwealth v. Basendorf*, 153 Pa. 459, 25 A. 779. The only method by which a forfeiture may be remitted is by petition under the provisions of Section 2 of the Act of December 9, 1783, 2 Sm. L. 84, 8 PS 171, either in the court which forfeited the recognizance or in the court wherein a suit on the recognizance is pending: *Commonwealth v. Barrett*, 304 Pa. 13, 155 A. 95. While we may remit a forfeiture if the record shows it was unwarranted in law, *Commonwealth v. Hill*, 180 Pa. Superior Ct. 430, 119 A. 2d 572, whether or not a forfeiture should be remitted as unwarranted in equity is within the discretion of the court below: *Commonwealth v. Harvey*, 36 Pa. Superior Ct. 235.

Appellant does not seriously question the authority of the court to order that the proceeds of the forfeiture should be paid to the wife. Section 2 of the Act of May 24, 1917, P. L. 268, 19 PS 1152, expressly so provides. See *Commonwealth v. Friedman*, 121 Pa. Superior Ct. 591, 184 A. 672. Although originally re-

sisting appellant's petition for remission, the County of Allegheny did not answer the wife's petition and has not appealed.

Order affirmed.