Commonwealth *v.* Miller (et al., Appellant).

Argued March 16, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Herman Blumenthal,* for appellant.

*Shirley S. Bitterman,* Assistant City Solicitor, with her *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for appellee.

OPINION BY ERVIN, J., April 16, 1959:

These appeals were taken from four separate orders of the court below denying appellant's petitions to strike off judgments of forfeiture entered upon bonds, each of which contained a condition similar to the following: ". . . conditioned that Ruth Ann Kevlock be and appear at the present term Court of Oyer and Terminer and Quarter Sessions of the Peace for the City of Philadelphia, then and there to answer all such charges as may be preferred against the said Ruth Ann Kevlock and to abide and not depart the Court without leave, then this recognizance to be void and of no effect, otherwise to remain in full force and virtue." The facts, which were not disputed, were set forth in the petitions to strike and no additional testimony was taken.

The appellant is a bondsman who posted separate bonds for four defendants, each bond containing a condition as above stated. Subsequent to the end of the

term to which each bond referred, it was marked forfeit by the clerk of the court and respited. Thereafter, as each defendant was called for trial and not produced, bail was sued out and judgment of forfeiture entered.[1]

The bond of James Miller, defendant, was dated September 17, 1951. The term of the bond ended with the first Monday in October. The original entry of forfeiture was made on October 28, 1951, and the forfeited bond was respited. When the case was called for trial on November 10, 1953, the defendant did not appear. Judgment was entered on the forfeited bond on April 26, 1954. On April 22, 1958 appellant filed her petition to strike.

The bond of Mary Brown, defendant, was dated May 2, 1956. The term of the bond ended with the first Monday in June. The original entry of forfeiture was made on June 30, 1956, and the forfeited bond was respited. When the case was called for trial on February 27, 1957, the defendant did not appear. Judgment was entered on the forfeited bond on May 31, 1957. On January 14, 1958 appellant filed her petition to strike.

The bond of Arthur Harris, defendant, was dated November 20, 1954. The term of the bond ended with the first Monday in December. The original entry of forfeiture was made on January 3, 1955, and the forfeited bond was respited. When the case was called for trial on February 16, 1956, the defendant did not appear. Judgment was entered on the forfeited bond

---

[1] In Philadelphia the Court of Quarter Sessions possesses exclusive jurisdiction of forfeited recognizances and they are therein prosecuted to final judgment: Act of April 22, 1846, P. L. 476, §4. 17 PS §503. See also *Com. v. Barfod*, 160 Pa. Superior Ct. 59, 50 A. 2d 36; *Com. v. Richardson*, 174 Pa. Superior Ct. 171, 100 A. 2d 155.

on May 14, 1956. On April 22, 1958 appellant filed her petition to strike.

The bond of Ruth Ann Kevlock, defendant, was dated September 2, 1955. The term of the bond ended with the first Monday in October. The original entry of forfeiture was made on June 2, 1956, and the forfeited bond was respited. When the case was called for trial on October 23, 1956, the defendant did not appear. Judgment was entered on the forfeited bond on February 21, 1957. On February 17, 1958 appellant filed her petition to strike.

Counsel for appellant, in his paper book, says: "It might be mentioned that in all of these cases the defendants have been apprehended, tried and sentenced. Two had been specifically apprehended and produced through the efforts of the bondsman. In one, the bondsman supplied the necessary information leading to the apprehension of that defendant."

A petition for remission of forfeited recognizance is authorized by the Act of December 9, 1783, 2 Sm. L. 84, §2, 8. PS §171, where the circumstances of the case show that it is warranted "according to equity and their legal discretion." The court below endeavored to reform what it called ministerial errors by amending the dates of forfeiture. Apparently this was done upon the theory that there had been a mutual mistake when the word "present" was inserted in the blank space before the word "term" in each of the bonds. The court assumed that the appellant knew of a practice in Philadelphia County, which the court said every professional bondsman knew, which meant that the defendant would not be called at the present term but would be called at some subsequent term. There is no proof at all in the record to show that the bondsman had any such understanding nor is there any proof in this record to show that there was a mu-

tual mistake made in the preparation of the bonds. For these reasons alone the orders must be reversed.

In the case of *Com. v. Basendorf,* 153 Pa. 459, 25 A. 779, the record demonstrated that the bail bonds were regularly and properly forfeited. In a suit upon a recognizance the entry of a forfeiture stands for proof of all the steps necessary to complete the forfeiture: *Com. v. Flomenhaft,* 3 Pa. Superior Ct. 566. In the present case the record clearly reveals that the bonds were not forfeited during the term expressly conditioned for the appearance of the defendants. On the contrary, the record shows that the forfeitures were entered at subsequent terms, as above stated.

The majority of this Court, however, is of the opinion that the court did not have power to forfeit the bonds without a breach of the condition thereof. This was not a mere irregularity, such as was involved in the case of *Samango v. Hobbs,* 167 Pa. Superior Ct. 399, 75 A. 2d 17, but it was in fact a fatal defect. In *Com. v. Blumberg,* 56 Pa. Superior Ct. 589, 592, we said: "When a recognizance is conditioned for the appearance of a defendant at the next court of quarter sessions, it is to be discharged at the end of that term, by committing the defendant, delivering him on new bail, or setting him at large: Keefhaver v. Commonwealth, 2 Penrose & Watts, 240. The defendant is presumed to be in the custody of the bail during the term of the recognizance. When the recognizance is for the appearance of a defendant at the next court of quarter sessions and is not forfeited during that term, the bail would have no right to longer detain the defendant, nor would he be entitled to a bailpiece for the purpose of surrendering him, for he is not then required to produce him. The recognizance not having been forfeited during the term is discharged, for the reason that there can never then be a breach of that condition. When,

however, even in the court of quarter sessions, it can be ascertained from the record that there has during the term been a breach of the condition of the recognizance, the bail may continue responsible, even though the defendant be permitted to retain his liberty beyond the expiration of the term."

The court below, in its opinion, erroneously inserted the words "to be holden First Monday of A. D. 19    , at 10:00 o'clock A.M., and thereafter from day to day. . . ." The court below seemed to feel that the addition of the above words extended the term of the bond. This conclusion is in direct conflict with our decision in *Com. v. Hill*, 180 Pa. Superior Ct. 430, 119 A. 2d 572. Many of the lower courts of our Commonwealth have held that the court is not authorized to forfeit bail at a term subsequent to that for which the appearance was conditioned.[2] The proper practice, and in fact the practice followed in most of the courts of the Commonwealth, is to make a call during the term conditioned for the appearance and to have the record show that this was done and that no answer was made. This is a condition precedent to the entry of a forfeiture. Without it the court did not have the power to declare the forfeiture. It is argued by the appellee that such a practice could not be followed in the County of Philadelphia because of the crowded condition of the criminal dockets therein, which makes it impossible to call a case for trial in the "present" term. We do not believe that it would be impossible to make such a call. Either the call should be made or the bonds should be changed so that the condition specifies an appearance at a time when such appearance is desired.

---

[2] *Com. v. Somers*, 14 Pa. C. C. 159; *Com. v. Harris*, 22 Lack. Jur. 221; *Com. v. Watson*, 24 Luz. L. Reg. 297; *Com. v. Avery Hill*, 7 Chester 72; *Dillingham v. U. S.*, 2 Wash. C. C. 422.

The court below also felt that these petitions to strike were not made promptly enough. That the judgments entered in the present cases were void appears from the face of the record because the condition precedent which gave the court power to declare the forfeiture never occurred and could not in the future occur. Laches does not run against a void judgment. See *Samango v. Hobbs*, supra; *Peoples National Bank of Reynoldsville v. D. & M. Coal Co.*, 124 Pa. Superior Ct. 21, 187 A. 452.

Orders reversed.