Commonwealth ex rel. Philadelphia *v.* Public Service Mutual Insurance Co.
. et al., Appellants.

Argued September 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and HANNUM, JJ. (SPAULDING, J., absent).

*Lawrence M. Aglow,* for appellants.

*Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, with him *Nicholas M. D'Alessandro,* Assistant City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellee.

OPINION BY MONTGOMERY, J., November 14, 1968:

By stipulation of counsel there are consolidated in these three appeals forty-six cases in which appellants were denied the return of money paid by them in satisfaction of judgments confessed on forfeited bail bonds. There is but one order of the lower court which disposed of all of the cases.[1] On appeal from such an order the case comes before us on certiorari and only

---

[1] In Philadelphia the Court of Quarter Sessions possesses exclusive jurisdiction of forfeited recognizances and they are therein prosecuted to judgment; Act of April 22, 1846, P. L. 476, §4, 17 P.S. §503.

the regularity of the records may be examined. *Commonwealth v. Richardson*, 174 Pa. Superior Ct. 171, 100 A. 2d 155 (1953).

The appellants are three bonding companies which regularly did business in the City of Philadelphia, acting as surety on bail bonds offered by persons accused of crime. Thirty-five of the bonds under consideration were written by the Empire Mutual Insurance Company, which was ordered into liquidation by the Dauphin County Court on January 31, 1964; four were written by the Public Service Mutual Insurance Company, and seven by Citizens Mutual Casualty Insurance Company.

Although the bonds, with one exception, are not in the printed record, the appellee's answer admits that all of them contained the condition that the principal-defendant was to appear at the present or next term of court according to the dates thereof. The bond of Vivian Maines, the only one before us, is blank in that particular, but appellee's answer admits that its condition was for her appearance at the next term of court. For that reason all of them shall be considered as calling for the defendants' appearance at a specific time.

Since the record shows that all forfeitures were declared at terms of court subsequent to the "present or next" term noted in the bonds, appellants argue that there was no breach of the conditions of the bonds to justify a forfeiture; and further, that any judgments entered by reason thereof are void, entitling them to the refund of all money paid thereon.

In a suit upon a recognizance, the entry of a forfeiture stands for proof of all the steps necessary to complete the forfeiture upon the principle omnia praesumuntur rite esse acta; hence, it must be taken for verity that the defendant and his bail were duly called

and did not appear and answer. *Commonwealth v. Richardson,* supra; *Commonwealth of Pennsylvania v. Solomon Fogelman and Harris Flomenhaft,* 3 Pa. Superior Ct. 566 (1897).

In *Richardson* we refused to review the legality of the forfeitures although it was contended that they were erroneously entered in cases not listed for trial, in cases in which the defendants were not called for trial, and in cases in which sureties were not specifically notified of the date or place of trial, and other practices alleged to be prejudicial to sureties. However, in *Commonwealth v. Jakub,* 182 Pa. Superior Ct. 418, 128 A. 2d 98 (1956); and in *Commonwealth v. Hill,* 180 Pa. Superior Ct. 430, 119 A. 2d 572 (1956), we recognized the right of an appellate court to remit a forfeiture if the record shows it was unwarranted in law. This right is to be distinguished from our privilege to review a case where the issue is whether a forfeiture should be remitted as unwarranted in equity, which is within the discretion of the court below. *Commonwealth v. Jakub,* supra; *Commonwealth v. Harvey,* 36 Pa. Superior Ct. 235 (1908).

As we see the question before us, it is simply whether a forfeiture should be remitted as erroneously entered contrary to law, where the record shows only that it was forfeited beyond the end of the specific term at which the defendant was to appear, but does not show the reason for the delay in entering the forfeiture decree.

The right to declare a forfeiture subsequent to the term during which a defendant was bound to appear has been recognized in *Commonwealth v. Iskoe,* 289 Pa. 159, 137 A. 131 (1927), wherein our Supreme Court said at page 163, "Where the accused is not produced for trial at the term to which he was bound over and does not appear, the bail cannot take advan-

tage of the default and claim exemption of liability from a failure on the part of the Commonwealth to forfeit the recognizance at that term: Com. v. Bird, 144 Pa. 194; Com. v. Harvey, 222 Pa. 214; Com. v. Blumberg, 56 Pa. Superior Ct. 589." See also *Commonwealth of Pa. v. Alfred Miller and Alfred Miller, Sr.*, 105 Pa. Superior Ct. 56, 160 A. 240 (1932), wherein this Court said at page 59, "The bail obligates the surety to procure the appearance of the accused at the time designated, and he is bound thereby. To be relieved therefrom, there must be an actual surrender: Berkstresser v. Com., 127 Pa. 15; Com. v. Iskoe, 289 Pa. 159."

In the present cases the principals in the bonds are still at large, never having been brought to trial, and there is no allegation in the petitions of their sureties that they appeared in court at the times provided for in their bonds. The sureties do not contend that they are relieved of liability because they produced the defendants at the proper times or ever actually surrendered them. They rely entirely on the fact that the forfeiture was at a subsequent term. Since it was their obligation to produce the defendants at the specified term, it can be as reasonably presumed that they first breached the condition of their bonds by not doing so, thereby justifying a forfeiture, as it is to give them the benefit of the presumption that the Commonwealth breached the condition by not calling the defendants to trial during the terms specified. Therefore, the principle previously enumerated to the effect that a forfeiture stands for proof of all the steps necessary to complete the forfeiture should be applied to the present situation.

Appellants place reliance on *Commonwealth v. Miller*, 189 Pa. Superior Ct. 345, 150 A. 2d 585 (1959), in support of their position that the forfeiture was ille-

gal. At the outset it must be noted that the defendants in that case had been apprehended, tried and sentenced. Two had been produced by the bondsman and one had been apprehended as a result of information supplied by the bondsman. Next we note that the opinion of our Supreme Court in *Iskoe* was not considered.

We shall not attempt to distinguish *Miller* from the present cases. On the contrary, we shall affirm the statement therein that the proper practice in such cases is to make a call during the term conditioned in the bond, and to have the record show that this was done and that no answer was made. However, we shall clarify our views expressed therein by adding that once a forfeiture has been declared, and it is presumptively legal, and the surety or the principal seeks to have it avoided, it becomes encumbent on him or them to allege performance of their obligation under the bond before they shall become entitled to the advantage of any default on the part of the Commonwealth in not calling the defendants during the specified term or not forfeiting the recognizance at that term.

In *Iskoe,* the Supreme Court said at page 164, "We concur with this statement of the court below : 'In conclusion, it may be stated that, inasmuch as the defendant, Iskoe, did not appear, has never appeared, and is still a fugitive from justice, it would seem to be a miscarriage of justice to grant the petitioner's request to strike off the judgment and remit the forfeiture.' "

Had the recognizance been conditioned on the defendant's appearance when wanted, there would be no question that a call to trial and a nonappearance would be conditions precedent to a forfeiture. However, in cases such as the present, when the defendant and his surety are obligated to appear at a specific term, they must establish or offer to establish the fact

that they were present and subject to call before they can accomplish the remittance of a forfeiture, particularly after a judgment entered thereon has been satisfied. The mere showing of a forfeiture at a subsequent term is not sufficient for that purpose.

Should we consider this as a motion to strike off an ordinary judgment, we have indicated that the record as it stands would not justify such action. On the other hand, were we to consider it as a motion to open such judgment, as was asked in *Commonwealth v. Richardson,* supra, it would be necessary for the appellants to allege a meritorious defense to same, viz., that they had fulfilled their obligation under the recognizance by appearing at the specified term—and further, that because they had not been called after making their appearance the bond had expired, consequently it had not been breached. A party seeking to open a confessed judgment must allege in his petition a meritorious defense. *Peoples First National Bank & Trust Co. v. Gaudelli,* 177 Pa. Superior Ct. 212, 110 A. 2d 900 (1955). The same rule should be applied in the present case.

However, if this matter were to be considered as an exercise of legal discretion, and according to equity under the Act of December 9, 1783, 2 Sm. L. 84, §2, 8 P.S. §171, we would not say that the lower court abused its legal discretion or failed to apply equitable principles under the circumstances.[2] Appellants were aware of the facts that they had not produced their principals at the specified terms of court, or subsequently, and that the bonds had been forfeited at subsequent terms when they paid the judgments thereon without protest. It seems to us that it would have

---

[2] See Rule 4012 of the Rules of Criminal Procedure, which applies equitable principles to bail forfeitures, but which was not effective until June 1, 1966.

been a miscarriage of justice and an inequitable result to return their payments on the basis of such technical complaint. With knowledge of all the facts appellants have no cause of complaint if such payments were made under a mistake of law. *Kennedy's Estate,* 321 Pa. 225, 183 A. 798 (1936); *Caroline Gould v. Robert McFall,* 118 Pa. 455, 12 A. 336 (1888).

It is therefore unnecessary for us to discuss the appellee's right of setoff or counterclaim.

Order affirmed.