**Hayes v. Lopez**

*Ronald M. Agulnick,* for plaintiffs.
*Lawrence E. Wood,* for defendants.

KURTZ, J., July 7, 1970.—Under date of March 12, 1965, Hayes and Nesbitt entered into a written lease with Hildo Lopez and Mary J. Lopez, his wife, for the rental of a two and one-half story brick dwelling situate at 115 East Miner Street in the Borough of West Chester at a monthly rental of $65, later raised to $75, payable on the first day of each month in advance at the office of R. W. Hayes, 117 East Chestnut Street in West Chester.

Paragraph 3 of that lease provided:

"The lessee shall keep the demised premises in good condition during the continuance of this lease, and remove all ashes, rubbish and refuse matter therefrom, replace or repair any electric fixtures or wiring that may be damaged or broken, and at the termination of this lease deliver up the said premises to the lessor in as good order and repair as the same now are reasonable wear and tear and damage by accidental fire excepted . . ."

On April 14, 1969, the landlords commenced an amicable action in ejectment for the premises thus leased. In the averment of default filed in that action it was averred that defendants, the tenants, had violated the covenant to pay rent on the first days of February, March and April as the lease required them to do, and that they ". . . did further fail to keep the demised premises in good condition during the continuance of the lease, all as required under the agreement above-referenced . . . [B]y reason of the above, Plaintiffs exercised the option of lessor whereby the said lease absolutely determined and did signify the same by written notice to that effect delivered to the lessee on the 1st day of March, 1969."

On May 8, 1969, tenants-defendants petitioned the court to open and set aside the judgment entered in ejectment and to stay the execution which had issued thereon. This petition averred that on September 11, 1968, the Borough of West Chester had adopted a rent escrow ordinance which provided, inter alia, that upon certification of a rented dwelling as unfit for human habitation the residents thereof are entitled to pay their rent into a borough escrow account for a period of six months, and that at the end of that period if the dwelling has not been restored to proper condition, the tenant can withdraw the funds paid into the escrow account and retain them. It also averred that the premises here in question had been so certified on January 30, 1969, that rent due for the months of March and April had been placed into the escrow account and that the subject dwelling was, in fact, unfit for human habitation. A rule was then granted upon the plaintiffs-landlords: ". . . to show cause why the judgment in ejectment should not be opened and/or set aside, all proceedings to stay meanwhile . . ."

The landlords answered that petition and rule by asserting that the borough was not possessed of the power to adopt the ordinance upon which the tenants relied, and that the ordinance was ". . . void, vague, ambiguous and indefinite and incapable of understanding or enforcement and was contrary to the Federal and State Constitutions, the Borough Code and the laws of the Commonwealth of Pennsylvania." The allegation of the petition that the dwelling was unfit for human habitation was denied by the answer. The allegation of the averment of default that the tenants had failed to keep the premises in repair was not challenged by the petition; consequently, that ground for the entry of judgment has never been denied.

Pending disposition of that rule, another petition was presented by the landlords on October 6, 1969, which averred that notwithstanding the ordinance aforesaid which permitted the payment of rent into the escrow account for a period of six months, that period of time had expired and the tenants were still refusing to pay rent to the landlords and that because of this failure to pay by the tenants, the landlords were entitled to possession of the premises. It was averred further in that petition that the landlords had instituted an action in assumpsit to recover all rent then due, including that which was then a part of the escrow account, and that because of these circumstances the pending application to open the judgment in ejectment was rendered moot. A rule was allowed upon defendants to show cause why the prior rule should not be discharged as moot or, in the alternative, that the stay order be rescinded.

The answer to this petition admitted the continued payment of rent into the escrow account after the

six-months period provided by the ordinance had expired, explaining that action by saying that it had been done upon the advice of counsel and that ". . . counsel has since amended that advice, and Defendants have agreed to release the over six-month rent to Plaintiffs and to commence paying rents to Plaintiffs in the future."

Depositions were taken upon the rule first issued. Argument upon both rules has been heard. We must dispose of them on the record thus made. We believe that both must be discharged. We reach that conclusion as to the later one of October 6, 1969, because, as we shall hereafter explain, the judgment which the tenants seek to open through the issuance of the prior rule of May 8, 1969, is a valid judgment which must be permitted to stand. If that judgment is valid, the rule seeking to have it opened should be discharged and the later rule attempting to have the former one discharged as moot should also be discharged so as to insure the validity of the judgment.

The judgment itself should not be opened because there is an uncontested ground of record upon which it can be sustained. The averment of default asserts that the tenants breached their covenant to keep the premises in repair. Since the breach of that covenant justified the entry of judgment, it must remain of record.

In Shinn v. Stemler, 158 Pa. Superior Ct. 350 (1946), it was held that a court has no discretionary power to open a judgment where the petition fails to set forth facts which are sufficient in law to sustain a verdict in favor of petitioner. The original petition in this case fails to meet the standard of that case. Again, in Commonwealth ex rel. Philadelphia v. Public Service Mutual Insurance Co., 213 Pa. Superior Ct. 327 (1968), the principle was stated that one

who fails to aver a meritorious defense to a judgment is not entitled to have that judgment opened.

On the present posture of this case, the tenants themselves are admittedly in default under the provisions of the lease. To assert a defense to the judgment, they must either show that they are not in default or explain that the default is not one of their making. Here, they have done neither.

### ORDER

And now, July 7, 1970, the rules heretofore issued in said causes on May 8, 1969, and on October 6, 1969, are discharged.