## Commonwealth v. Baker

*George J. Joseph,* for Commonwealth,
*Jack Kaufman,* for petitioner.

KOCH, P. J., June 29, 1971.—On April 1, 1971, the First National Bank of Allentown, Executor of the Estate of Nat G. Kahn, Dec'd. secured a rule on the district attorney to show cause why the judgment lien should not be satisfied upon payment of any outstand-

ing costs and why any order forfeiting bail should not be vacated. The petition in support of the rule pertained to the within case and 15 additional ones identified in the petition. The total of the recognizances is $17,300.

It is averred that Nat G. Kahn, a professional bondsman, who died on August 26, 1970, was bound to the Commonwealth in recognizances conditional that the respective defendants should be and appear at the next session of court; that defendants did not appear, whereupon the said recognizances were forfeited. Paragraph 3 of the petition avers that Nat G. Kahn was conscientiously attempting to ascertain the whereabouts of defendants until the time of his last illness and death. There is also an averment that the estate is in a precarious financial condition and, in paragraph 5, that it would be inequitable to enforce the forfeiture since this "will be a burden upon the Estate of Nat G. Kahn."

An answer was filed admitting the allegations, except that in paragraph 5 it is stated as follows: "No specific response is made to the allegation that it would be inequitable to enforce the forfeiture since it is believed that this is a matter solely within the discretion of the Court." The answer concludes as follows: "Wherefore, the District Attorney requests the Court to rule in accordance with its discretion, as it deems proper, in the circumstances."

Neither petitioner nor the district attorney submitted depositions. Moreover, there was no request for a hearing or argument upon the pleadings. We are now asked to make the rule absolute.

We have been advised by the clerk that in each of the cases defendant is a fugitive from justice. More specifically, the principals in the bonds are still at large and there is nothing in the record of these cases to indicate that defendants ever appeared in court at the

times provided in their bonds. Cf. Commonwealth ex rel. v. Public Service Mutual Ins. Co. et al., 213 Pa. Superior Ct. 327.

The Act of December 9, 1783, 2 Sm. L. 84, sec. 2, 8 PS §171, provides as follows:

"All recognizances forfeited in any court of quarter sessions of the peace within this commonwealth, or in the sessions held for the city of Philadelphia, shall and may be sued for and be recoverable in the court of common pleas of that county in which the said recognizances shall be forfeited respectively, which courts may, and they are hereby empowered to order the said recognizances to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion."

The equitable and discretionary power of the court granted by the foregoing statute is reemphasized in Rule 4012 of the Pennsylvania Rules of Criminal Procedure:

"(a) . . . .

"(b) The issuing authority or the court may direct that a forfeiture be set aside upon such conditions as may be imposed if it appears that justice does not require the enforcement of the forfeiture.

"(c) After entry of judgment after forfeiture, upon cause shown, the court may open the judgment in whole or in part."

We might summarily dismiss the petition before us were we to adopt the view of one of our distinguished judicial predecessors, Hon. Frank M. Trexler, who, in Commonwealth v. Nestor, 1 Lehigh 225, 19 York 35, held that relief would be denied to a professional bailgoer for hire. While it is true that decedent was a well-known professional bondsman, we chose not to rest our decision upon that ground. Candidly, we have granted relief where the bondsman produced the principal at a later date and paid all costs. Here, however, we are

confronted with the fact that the condition of the bonds has not been met and the district attorney may exercise his right to institute extradition or other appropriate proceedings with the consequent entailment of substantial costs to the County of Lehigh. While it is true that the district attorney in some of the cases may have indicated that he does not plan to extradite, circumstances may arise prompting a reconsideration by him.

Counsel for petitioner has cited no case where the court has exercised its equitable powers in circumstances such as those before us and our independent research reveals none. It may well be that the financial status of the estate is precarious, but this is not sufficient ground to grant relief. We believe that to exercise our discretion in behalf of petitioner would be improper. Finally, it must be noted that in those cases where judgment has been entered, petitioner failed to proceed by petition and rule to open judgment pursuant to Pa. R. Crim. P. 4012(c).

### ORDER

Now, June 29, 1971, the rule to show cause why the said judgment liens should not be satisfied upon payment of any outstanding costs and why any order forfeiting bail in the aforesaid cases should not be vacated is discharged and the petition in support thereof is dismissed.