## Aetna Casualty and Surety Company v. United States Fidelity and Guaranty Company

*Hartman, Underhill & Brubaker,* for plaintiff.
· *Geisenberger, Zimmerman, Pfannebecker & Atlee,* for defendant.

BUCKWALTER, *J.,* August 26, 1980—We have before us cross motions for summary judgment made by The Aetna Casualty and Surety Company, hereinafter referred to as plaintiff, and the United States Fidelity and Guaranty Company, hereinafter referred to as defendant. Both parties raise the issues of whether plaintiff is a statutory employer

pursuant to section 203 of. The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §52 (act), and whether plaintiff's payments to Calvin E. Seibert, defendant's insured's employe, were made under a mistake of fact or a mistake of law.

Defendant's motion, if granted, would result in a dismissal of the complaint against it. Plaintiff's motion, if granted, would render plaintiff immune from tort liability and would result in the entry of judgment in its favor in the amount of $10,543.15 plus interest at the legal rate from August 22, 1972. That amount represents the sum total of moneys advanced by plaintiff to Mr. Seibert.

The facts as stipulated to by the parties are as follows:

1. On May 26, 1970 the Parking Authority of the City of Lancaster entered into a written contract with E. E. Murry Construction Company (Murry) to erect a parking garage at the corner of Prince and Orange Streets in the City of Lancaster, Pa.

2. On July 1, 1970 Murry and Kurtz Precast Corporation (Kurtz) entered into a subcontract to furnish, deliver and erect all precast structural concrete called for in the contract between Murry and the Parking Authority.

3. Thereafter, Kurtz and Paul Weinhold, Inc. (Weinhold) entered into an oral contract, under which Weinhold was to perform welding work on the project.

4. The work began under the various contracts in the summer of 1970.

5. On or about September 10, 1970 Calvin E. Seibert (Seibert) was injured during the course of his employment as he was working on the Prince Street Parking Garage.

6. At the time of the accident, Seibert was carried on the payroll and paid regular wages by Weinhold.

7. At the time of the accident, Seibert was preparing to weld angle irons to hold concrete columns together.

8. At the time of Seibert's accident, Kurtz was insured against general liability by plaintiff, Aetna, and Weinhold was insured against Workmen's Compensation liability by defendant, United States Fidelity and Guaranty Company.

9. Beginning on September 29, 1970, plaintiff began paying Seibert's medical bills and paying him wage continuation in the amount of $60 per week.

10. These payments by plaintiff continued through August 12, 1972. The amount spent by plaintiff is $4,543.15 for medical bills and $6,000 for wage continuation payments.

11. Defendant made no payments for workmen's compensation benefits up to August 12, 1972 or at any time thereafter.

12. At the time of Seibert's accident the Workmen's Compensation Act provided for payment of all medical expenses for a one year period following the accident, and for payment of wage compensation in the amount of two thirds the worker's average weekly wage but not to exceed $60.

13. At the time of the accident, Seibert was entitled to $60 per week in wage benefits under the Workmen's Compensation Act.

14. On July 3, 1975 Seibert executed a release and an assignment to plaintiff.

15. In June of 1976, plaintiff commenced this action against defendant and on September 24, 1976 plaintiff filed its complaint seeking reimbursement of all sums paid by plaintiff to Seibert

prior to Seibert's execution of the aforesaid release and averring that the said payments were made under a mistake of fact and that defendant was unjustly enriched thereby.

16. (a) It is plaintiff's contention that the mistake of fact consisted of plaintiff's having been unaware of (1) the fact that where one subcontractor employs another the first subcontractor is a statutory employer of the second subcontractor's employes and (2) the fact that a statutory employer is not liable in tort for injuries suffered by the employes of the second subcontractor.

(b) It is defendant's contention (1) that plaintiff's alleged mistake of fact consisted of plaintiff's having been unaware of the concept of statutory employer and its possible application to the circumstances giving rise to Seibert's claim against it until so advised by counsel in August of 1972 and (2) that such mistake is a mistake of law.

On October 12, 1976 defendant filed preliminary objections in the nature of a demurrer. In an opinion dated December 22, 1976 defendant's demurrer was dismissed by the court, Judge Bucher dissenting.

On June 14, 1977 defendant filed interrogatories, which were answered by plaintiff on August 31, 1977. Defendant then filed its answer and new matter on March 10, 1978. Plaintiff filed its reply to defendant's new matter on on March 31, 1978.

A pretrial conference was held on February 19, 1980. At the direction of the court, the parties entered into a stipulation of facts on June 18, 1980. Both parties then moved for summary judgment based upon the stipulation. Oral argument on the cross motions for summary judgment was held on July 28, 1980.

The first argument presented for disposition by

this court is whether plaintiff qualifies as a statutory employer pursuant to section 203 of the Act, 77 P.S. §52. That section provides:

"An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe."

It is well settled that in order to qualify as a statutory employer a contractor must meet all five criteria enumerated by the Pennsylvania Supreme Court in McDonald v. Levinson Steel Co., 302 Pa. 287, 153 Atl. 424 (1930); Pape v. Smith, 227 Pa. Superior Ct. 80, 323 A. 2d 856 (1974). The essential elements required to be present are: "(1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business entrusted to such subcontractor. (5) An employee of such subcontractor." McDonald, supra, at 295, 153 Atl. at 426. Defendant argues that plaintiff failed to establish that (1) Kurtz was under contract with an owner or one in the position of an owner, and (2) that the premises were occupied by or under the control of Kurtz. We believe that defendant's second argument is well taken.

Defendant refers to Paragraph 17 of defendant's new matter and Paragraph 17 of plaintiff's reply. In Paragraph 17 of defendant's new matter defendant avers that, "[a]t the time of the subject incident, the premises were not occupied by or under control of

Kurtz." Plaintiff's reply admits the averment of Paragraph 17 and alleges that in fact, "[t]he premises were under the control of Murry, the general contractor." As the pleadings are uncontroverted, we must conclude that plaintiff has failed to prove the existence of the second element of the five part test necessary to support a finding that Kurtz was the "statutory employer" of Seibert.* Since plaintiff has failed in one of the elements of the test, and all are necessary to support a finding pursuant to section 203 of the Act, 77 P.S. §52, we need not address defendant's additional argument that Kurtz was not under contract with an owner or one in the position of an owner. We must conclude therefore that Kurtz was not a statutory employer as to Seibert.

Even if plaintiff had been able to sustain the statutory employer defense, plaintiff's argument that its payments to Seibert were made as a result of a mistake of fact is not supported by the record. Plaintiff has admitted that it made the payments to Seibert in order to avoid a negligence action brought by Seibert. Although plaintiff believed that any claim of Seibert's would be questionable at best, it nevertheless paid his medical expenses and wage continuation payments for a period of almost two years. Plaintiff discontinued all payments upon discovering the possible applicability of section 203 of the act, 77 P.S. §52. Plaintiff alleges that the sums paid to Seibert were paid out of a mistake of fact and that defendant was unjustly enriched thereby.

However, the Federal courts have repeatedly

---

*We would also note that Seibert's statement attached to the interrogatories states that an employe of Murry was on the premises at the time of the accident.

held that the statutory employer question is a legal one: Hattersley v. Bollt, 512 F. 2d 209 (3d Cir. 1975); Billante v. D. D. Davis Construction Co., 375 F. Supp. 120 (W. D. Pa. 1974). Therefore, any mistake as to statutory employer status is a mistake of law and not a mistake of fact, and even if plaintiff could sustain that defense, any prior payment would have been made pursuant to a mistake of law and therefore would not be recoverable.

The courts of this Commonwealth have always held that where a party has full knowledge of the facts, without any fraud having been practiced upon him, he will have no cause of complaint if he makes payments under a mistake of law: Kennedy's Estate, 321 Pa. 225, 183 Atl. 798 (1936); Com. ex rel. Philadelphia v. Public Service Mutual Insurance Co., 213 Pa. Superior Ct. 327, 247 A. 2d 636 (1968); see Ochïuto v. Prudential Insurance Co., 356 Pa. 382, 52 A. 2d 228 (1947).

Unfortunately, plaintiff in this action has incurred a liability, based upon a doubtful negligence claim, which it may or may not have had to take upon itself. However, as we are unable to rule that there is any genuine issue as to any material fact and that plaintiff is entitled to a judgment as a matter of law, we cannot grant the relief plaintiff prays for.

Therefore, summary judgment will be entered on behalf of defendant as per the following order.

## ORDER

And now, August 26, 1980, the motion of plaintiff for summary judgment is denied.

Summary judgment is entered in favor of defendant and the complaint filed by plaintiff against defendant is dismissed.