## Commonwealth v. McMath

*Joseph J. Nelson,* District Attorney, for Commonwealth.

*Carl Moses,* for petitioner.

ACKER, J., March 6, 1974.—This court has for consideration three petitions to set aside forfeiture of bonds. In each case, it was ordered that a rule to show cause be issued upon the office of the District Attorney of the County of Mercer why the prayer to set aside the forfeiture of the bond should not be granted. Notice was directed to be given by the clerk to the district attorney, petitioner, and the Commissioners of the County of Mercer. The matter came for hearing from which this court makes the following

## FINDINGS OF FACTS

1. That Harvey Childs is a professional bondsman who posted a bond in the amount of $25,000 in the action of Thomas McMath at the above numbers and terms; $2,500 in the action of Preston Reed; and $5,000 in the action of David Klemm for their faithful appearance before this court.

2. That defendant, Klemm, appeared at the first day of his trial for sale of a controlled substance to a minor but absconded himself and failed to appear subsequently.

3. That the bondsman made numerous efforts to contact defendant through various persons in the Youngstown, Ohio, area and finally located him in Charleston, South Carolina, where he turned himself in and was transported back to Mercer County and was deposited in the Mercer County Jail subject to

disposition of motions for new trial and subsequent sentencing.

4. That following the failure of defendant, Klemm to appear, the bondsman was notified by the office of the district attorney pursuant to a court order to produce the presence of defendant or the bond would be forfeited. The bond was forfeited and the bondsman, being the petitioner in this action, has delivered to the County of Mercer $5,000.

5. That defendant, Preston Reed, was sentenced on February 4, 1972, and sent to the Western Correctional, Diagnostic and Classification Center in Pittsburgh for the willful neglect to support children.

6. That on March 16, 1972, this court, having set bond which was posted by petitioner on that date in the amount of $2,500, directed defendant to be returned from the Correctional, Diagnostic and Classification Center pending an appeal to the Superior Court of this State.

7. Defendant, Reed, posted the bond with Harvey Childs acting as bondsman in the amount of $2,500 and was released from custody on March 16, 1972.

8. On September 26, 1972, the judgment of sentence was affirmed per curiam by the Superior Court.

9. On November 6, 1972, this court denied the prayer of a petition to set bond for allocatur on appeal.

10. On December 21, 1972, the Supreme Court of this State denied the petition for allocatur per curiam.

11. On April 6, 1973, it having been brought to the attention of the court that defendant never appeared to commence serving his sentence, this court entered an order directing the Sheriff of Mercer County, Pennsylvania State Police or any other law enforcement officer of the Commonwealth to secure the person of defendant and lodge him in the Mercer County Jail for the commencement of his sentence.

12. Notice was given to the bondsman to produce the person of defendant. The bondsman attempted to contact defendant through Clarion and Shippenville and talked with his son in Warren, Ohio, for the purpose of securing his person. The Pennsylvania State Police were sent to the residence of defendant at Six Mile Run in Bedford County, but defendant escaped as the Pennsylvania State Police approached; but subsequently gave himself up several days later and was returned to the Pennsylvania penal system for the service of his term.

13. Previously, however, petitioner had paid the Mercer County Courts the sum of $2,500 upon forfeiture of that bond.

14. Defendant, Thomas McMath, was charged with conspiracy and a violation of the Drug, Device and Cosmetic Act, and bond was posted in the amount of $25,000 through petitioner.

15. Defendant, McMath, failed to appear for arraignment and bond was forfeited by order of this court on September 6, 1973.

16. The bondsman expended considerable effort in securing the person of defendant and talked to defendant by telephone on September 5, 1973, in California, convincing the defendant that he should give himself up and return, which defendant voluntarily did.

17. No moneys have been paid to the court by petitioner pursuant to the forfeiture order.

18. Although the county commissioners were given due notice in all three actions of the rule to show cause why moneys should not be returned to the bondsman or the previous order of forfeiture set aside and vacated, the county commissioners did not elect to appear and did not oppose the prayer of the petition in any of the three actions.

## DISCUSSION

Forfeiture in Pennsylvania is controlled by Pennsylvania Rule of Criminal Procedure 4016 and the Act of December 9, 1783, 2 Sm. L. 84, sec. 2, 8 PS §171.

By Pennsylvania Rule of Criminal Procedure 4016, a forfeiture can occur when a breach of a condition of bail occurs but the issuing authority or court may declare the bond forfeited and make a record thereof. In all of the above three mentioned cases, the forfeiture occurred in open court after due notice to defendant and the bondsman through a court order by the district attorney's office, and after the calling of defendant and the bondsman three times in open court. Written notice of the forfeiture is required to be given to the surety either personally or by certified mail at his last known address. Notice was given in the instant case to the bondsman as required.

The court may direct that a forfeiture be set aside upon such conditions as may be imposed if it appears that justice does not require enforcement of the forfeiture.

The Act of December 9, 1783, supra, is not suspended by the Pennsylvania Rules of Criminal Procedure.[1]

By section 2 of the Act of December 9, 1783, all recognizances in courts of quarter session shall and may be sued for and be recoverable in the court of common pleas of that county in which the recognizance shall be forfeited, respectively, which court may and they are hereby empowered to order the said recognizance to be levied, moderated and remitted on hearing the

---

[1] See Pennsylvania Rule of Criminal Procedure 4018 for a listing of the acts of assembly suspended by the rules dealing with forfeiture of bonds.

circumstances of the case according to equity and their legal discretion.

Therefore, the only method by which a forfeiture may be remitted is by a petition, as in this case, either in the court which forfeited the recognizance or the court wherein suit on the recognizance is pending.[2]

Section 2 grants to the court discretion to modify or remit the forfeited bond as warranted in equity.

Where the bondsman has already paid the forfeiture, the county commissioners of any county, who have the duty to collect the said moneys, and where defendant has subsequently surrendered himself or herself to the jurisdiction of the court, or is subsequently apprehended and returned to the jurisdiction, may, with the consent of the district attorney, return the moneys collected. But, further, the commissioners shall, according to the statute, upon order of the court, in any case, repay to the party from whom such money was collected the amount so collected on such forfeited recognizance exclusive of all costs paid or incurred by the county in such proceeding.[3]

This court interprets the above statute to mean that, without order of court, the commissioners, if they have the consent of the district attorney, may repay to the bondsman the moneys forfeited but, if ordered by the court to do so, shall be subject to all costs paid or incurred by the county in such proceeding being first deducted.

There is no attack by the bondsman-petitioner as to the steps taken to bring about the forfeiture. Therefore, the issue remains for determination as to whether, under equity, the moneys should be returned and peti-

---

[2] Commonwealth v. Jakub, 182 Pa. Superior Ct. 418, 422, 128 A. 2d 98 (1956).

[3] Act of July 11, 1917, P. L. 802, sec. 1; Act of May 13, 1931, P. L. 131, sec. 1, 8 PS § 177.

tioner relieved of the responsibility to pay pursuant to his respective bonds.

An examination of the Rules of Criminal Procedure found in Chapter 4000, dealing with bail, discloses no change in the procedure or the requirement that the court consider the equities of the case.[4]

In each of the respective cases, defendant returned voluntarily to the jurisdiction of the court and was placed in custody. This occurred through the efforts of the bondsman in some part, at least, in each case. The county was not obligated to secure the person of any of defendants and physically return them to the county. Therefore, there were no expenses to the county incurred as a result of defendant not appearing when required.

Wherefore, it is the conclusion of this court that in applying the equities in each case to the actions of Preston Reed at March term, 1971, no. 120, and David Klemm at June term, 1973, no. 34, the moneys previously paid to this court should be returned and in the action of Commonwealth v. Thomas McMath, August term, 1971, nos. 16, 20 and 21, the previous forfeiture should be set aside.

Hence, the following

---

[4] The only change of any note concerning this subject is through Pennsylvania Rule of Criminal Procedure 4016 which specifically replaces the old Pennsylvania Rule of Criminal Procedure 4012. By the new Rule 4016, subsection (c) is deleted. That section read: ". . . after entry of judgment after forfeiture, upon cause shown, the court may open the judgment in whole or in part." We do not conclude that this changes the obligation of the court to look at the equities of the matter. The omission is not explained in the comment. The Act of December 9, 1783, supra, directs the court to moderate or remit recognizance "according to equity and their legal discretion." Attention is also directed to the new Pennsylvania Rule of Criminal Procedure 4016A(1)(c) which states that "the court may direct that a forfeiture be set aside upon such conditions as may be imposed if it appears that justice does not require enforcement of the forfeiture."

## ORDER

And now, March 6, 1974, in consideration of the petition filed in the foregoing cases, it is hereby ordered and decreed that in the action of Commonwealth v. David Klemm at June term, 1973, no. 34, the County of Mercer, through its proper officer, shall draw, and the County Commissioners shall execute, a check for repayment to the bondsman, Harvey Childs, in the amount of $5,000; in the action of Commonwealth v. Preston Reed at March term, 1971, no. 120, the County of Mercer, through its proper officer, shall draw, and the County Commissioners shall execute, a check for repayment to the bondsman, Harvey Childs, in the sum of $2,500; the previous order entered in the action of Commonwealth v. Thomas McMath, August term, 1971, nos. 16, 20 and 21, forfeiting the bond in the amount of $25,000, is set aside and vacated, pursuant to the authority of Pennsylvania Rule of Criminal Procedure 4016, the Act of December 9, 1783, 2 Sm. L. 84, sec. 2, 8 PS §171, and the Acts of July 11, 1917, P. L. 802, sec. 1, and May 13, 1931, P. L. 131, sec. 1, 8 PS §177.