## Commonwealth *v.* Ball, et al.
## Lonetto Appeal.

Argued April 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Sherman K. Levine,* for appellant.

*Robert J. Masters,* for Commonwealth, appellee.

OPINION PER CURIAM, June 21, 1974:

Ronald, Robert and Thomas Ball were arrested in Beaver County for various offenses including burglary, robbery and corrupting the morals of a minor. Each of the Balls was released on bail bonds, pending trial. The bonds were furnished on or about February 17, 1972, by the Allegheny Mutual Casualty Company, through its agent, the appellant John Lonetto.

The Balls did not present themselves for trial when called, and the court declared the bonds forfeited and ordered payment of the full sum (a total of $41,000— $15,000 each for Robert and Ronald Ball, and $11,000 for Thomas Ball) paid to the County.

The appellant-surety paid the $41,000 to the County Commissioners.

Subsequently, the Balls were found in various places outside the jurisdiction of the lower court, and were returned to face trial. The surety filed a motion for return of the bond less 10% costs pursuant to the Act of 1917, P. L. 802, Sec. 1, as amended by the Act of May 13, 1931, P. L. 131, Sec. 1 (8 P.S. §177), to which the County Commissioners and District Attorney consented.

The lower court denied the motion per curiam, without affording the appellant a hearing in which he could argue the equities of his position. Such a hearing is necessary in this case so that the court may have before it evidence of the extent of the appellant's participation in the return of the defendants. *Commonwealth v. Baker,* 53 D. & C. 2d 597 (1971); *Common-*

*wealth v. Marks*, 25 D. & C. 2d 207 (1961); *Commonwealth v. Ketchum*, 25 D. & C. 2d 203 (1961); *Commonwealth v. Roeschetz*, 2 D. & C. 2d 168 (1954), and any other relevant evidence appellant may produce which may properly guide the lower court in its future decision as to whether to return any portion of the forfeited bonds herein involved. We leave to the lower court's discretion whether or not the County Commissioners and/or the District Attorney can withdraw from the consent to the return of the entire sum less the aforementioned 10% costs, which is now on record, and oppose appellant in such hearing.

Reversed and remanded for a hearing.