369 A.2d 404

**COMMONWEALTH of Pennsylvania**

v.

**Mark Robin REEHER.**

**Appeal of Joseph MARCUS.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Nov. 22, 1976.

Arthur K. Dils, Harrisburg, for appellant.

Edgar G. Bayley, Camp Hill, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant is a professional bail bondsman, licensed with the Court of Cumberland County. He contends that the lower court abused its discretion when it failed to remit $1,000 which he forfeited when defendant, Mark Reeher, did not appear for a scheduled court date.

Reeher was arrested on June 30, 1975, and charged with unlawful possession of a small amount of marijuana,[1] defiant trespass,[2] conspiracy to commit bur-

1. Act of April 14, 1972, P.L. 233, No. 64, § 13, imd. effective; Act of Oct. 26, 1972, P.L. 1048, No. 263, § 1, imd. effective; Act of Dec. 30, 1974, P.L. 1041, No. 340, § 1, imd. effective; 35 P.S. § 780–113.

2. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3503.

glary,[3] burglary,[4] and purchase, consumption and transportation of intoxicating beverages by a minor.[5] On the same day, appellant entered a $1,000 bail bond to assure Reeher's appearance in court. Reeher failed to appear for arraignment on September 2, 1975, and the lower court issued a bench warrant and directed appellant to produce Reeher. Appellant was unsuccessful in his efforts to find Reeher and on September 22, 1975, he deposited $1,000 with the probation office of Cumberland County. Reeher was eventually apprehended in Canada in connection with a robbery, taken into custody, and deported to the United States on October 17, 1975. Pennsylvania police picked up Reeher when he landed at the Harrisburg International Airport, and subsequently turned him over to the Cumberland County Sheriff. On December 1, 1975, Reeher pleaded guilty to burglary and conspiracy to commit burglary, and on January 6, 1976, the lower court sentenced him. Appellant then petitioned for remission of the money he deposited with the probation office. On January 30, 1976, a hearing was held on the petition in the Court of Common Pleas in Cumberland County, and on March 4, 1976, the lower court refused to remit Reeher's bond. This appeal followed.

Appellant contends that he is entitled to the return of the forfeited money because he made every possible effort to return Reeher to Cumberland County. At the hearing on his petition, he testified that he had one employee conduct surveillance of two possible hiding places, one in Camp Hill, Pennsylvania, and one in Boston, Massachusetts. He said that he interviewed Reeher's family, friends, and associates. He also testified that he spent $600 in his attempts to locate Reeher, but he did not pro-

3. The Crimes Code, supra; 18 Pa.C.S. § 903. The Crimes Code, supra; 18 Pa.C.S. § 3502.

4. The Crimes Code, supra; 18 Pa.C.S. § 3502.

5. The Crimes Code, supra; 18 Pa.C.S. § 6308.

duce an itemized list of expenses or receipts. Appellant admitted that his activities had no connection with Reeher's ultimate return to Cumberland County.

 Two statutes and one rule of criminal procedure delineate the legal standards applicable in this case. 8 P.S. § 171 [6] reads, "[a]ll recognizances forfeited in any court of quarter sessions of the peace within this commonwealth . . . shall and may be sued for and be recoverable in the court of common pleas of that county in which the said recognizances shall be forfeited respectively, which courts may, and they are hereby empowered to order the said recognizances to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion." 8 P.S. § 177 [7] provides, "[i]n all cases where the county commissioners of any county shall collect, or have collected, any money upon any forfeited recognizance, . . . and the defendant in such case subsequently surrenders himself or herself to the jurisdiction of the proper court, or is subsequently apprehended and returned of the jurisdiction of the court, the county commissioners may, (a) with the consent of the district attorney, and (b) shall upon order of court in any case, repay to the party from whom such money was collected the amount so collected on such forfeited recognizance, exclusive of all costs paid or incurred by the county in such proceeding." Rule 4016, subd. A(1)(c) Pa.R.Crim.P. (Supp.1976) states, "[t]he issuing authority or the court may direct that a forfeiture be set aside upon such conditions as may be imposed if it appears that justice does not require enforcement of the forfeiture." Pennsylvania courts have uniformly interpreted the foregoing statutes and rule to give the lower court discretion in deciding whether to re-

6. Act of Dec. 9, 1783, 2 Sm.L. 84, § 2; 8 P.S. § 171.

7. Act of July 11, 1917, P.L. 802, § 1; Act of May 13, 1931, P.L. 131, § 1; 8 P.S. § 177.

mit forfeited money to a bail bondsman. See *Commonwealth v. Ball*, 228 Pa.Super. 222, 323 A.2d 8 (1974); *Commonwealth ex rel. Philadelphia v. Public Service Mutual Insurance Co.*, 213 Pa.Super. 327, 247 A.2d 636 (1968); *Commonwealth v. Jakub*, 182 Pa.Super. 418, 128 A.2d 98 (1956); *Commonwealth v. Harvey*, 36 Pa.Super. 235 (1908); *Commonwealth v. Cohen*, 22 Pa.Super. 55 (1903).

 The lower court denied appellant's petition because "the petitioner has presented *minimal evidence* to prove his activities which did not *effect the return* of Reeher." (Emphasis in original). We cannot say that the lower court abused its discretion in reaching this conclusion. First, appellant did not produce any evidence that his efforts helped to locate Reeher or secure his return to Cumberland County. In *Commonwealth v. Ball*, supra, 228 Pa.Super. at 223–24, 323 A.2d at 8, our Court required a hearing on a bail bondsman's request for remission of forfeited money "so that the court may have before it *evidence of the extent of the appellant's participation in the return of the defendants* . . . and any other relevant evidence appellant may produce which may properly guide the lower court in its future decision as to whether to return any portion of the forfeited bonds . . ." (Emphasis supplied). The Courts of Common Pleas have consistently recognized the importance of the bondsman's participation in the actual return of the defendant as a factor in determining whether forfeited money should be remitted. See, e.g., *Commonwealth v. Baker*, 53 D. & C.2d 597 (Lehigh County 1971); *Commonwealth v. Marks*, 25 D. & C.2d 207 (Adams Co.1961); *Commonwealth v. Ketchum*, 25 D. & C. 203 (Adams Co.1961); *Commonwealth v. Doby*, 1 D. & C.2d 131 (Montgomery County 1954); *In Re Theveny's Bail*, 84 D. & C. 90 (Lancaster Co.1932). As the lower court noted in the instant case, "the remission of forfeitures is a practice calculated to encourage bonds-

men to actively seek the return of absent defendants. For this reason, the results of a bondsman's efforts as well as the extent of these efforts are prime considerations in the determination of the amount of any remission." Therefore, the lower court did not abuse its discretion by focusing on this factor because this is precisely the undertaking which every bondsman implicitly agrees to guarantee.

Second, the appellant produced very sketchy evidence at the hearing. He did not tender any receipts or itemized accounts as documentation for expenses allegedly incurred in his pursuit of Reeher. The employee who allegedly conducted surveillance of Reeher's possible hiding places did not testify; instead, appellant gave a vague and cursory description of that employee's activities. It is no wonder the lower court did not find the proffered testimony persuasive; quite simply, appellant failed to prove his efforts to locate Reeher. The order of the court below is affirmed.