429 A.2d 436

**COMMONWEALTH of Pennsylvania**

v.

**Joyce JONES and Anita Barnes.**

**Appeal of ALLEGHENY MUTUAL CASUALTY COMPANY.**

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed May 8, 1981.

---

508

Kenneth N. Garber, Philadelphia, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, did not file a brief on behalf of Commonwealth, appellee.

William I. English, Jr., Norristown, for Jones, appellee.

Joseph Santaguida, Norristown, did not file a brief on behalf of Barnes, appellee.

Larry J. Folmar, Norristown Asst. County Sol., for participating party.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

The facts in this case are relatively simple and uncontested; nonetheless, we must reverse and remand so that certain necessary particulars may be established.

Defendants Barnes and Jones were arrested for retail theft and conspiracy on June 15, 1977 and Allegheny Mutual Casualty Company, appellant herein, posted $5,000 appearance bail for each defendant. Both defendants failed to appear for court, and their bail was forfeited.

According to affidavits filed in each case by one Arthur London, "a bail bondsman and agent for Allegheny Mutual Casualty Company", he "personally located" each defendant; "brought each defendant to his office"; "personally transported her to the Montgomery County Courthouse; and there surrendered her to the District Attorney's Office." In each case, the affidavit recites that these actions were done at London's expense for Allegheny Mutual Casualty Company and "at no expense to the Commonwealth."

Appellant filed motions for a refund of its bail forfeiture. The Commonwealth answered the motions, admitting the substance of the motions, except that it denied it "had no expense in this matter", since bench warrants had been issued for the defendants. So far as the record shows, no testimony was taken and "after argument", the motions for refund were denied.

The lower court's opinion in support of the order relies principally on our decision in *Commonwealth v. Reeher*, 245 Pa.Super. 282, 369 A.2d 404 (1976). The hearing judge states correctly that "the allowance or denial of a remission of forfeiture is entirely within the sound discretion of the Court"; that the "purpose of allowing remission of forfeitures is to encourage bondsmen to participate in the "return of the defendant for trial"; and that "the extent of the efforts of the bondsman is the key factor in determining whether a remission should be granted." He goes on to say that in *Reeher*, supra, the bondsman's efforts were "minimal", and that "in the present case, the court has before it only the bald allegations that the bonding company produced the defendants without any detail as to the extent of its efforts, and with no allegation as to expense." (Lower Ct. Opinion, p. 2).

We see an important distinction in the present case from the *Reeher* case. In *Reeher*, despite a claim by the bonds-

man of substantial expense and vigorous efforts to apprehend the defendant it was the Pennsylvania police who apprehended the defendant. In our case, the appellant avers and the Commonwealth appears to concede that the appellant's agent secured the return of the defendants. Further, the Commonwealth does not dispute that the appellant did incur expenses in apprehending and returning defendants even though the motions gave no specifics as to the amount of appellant's expenditures. In addition, the Commonwealth does aver that it was put to expense because of the original failures of the defendants to appear.

In the circumstances of this case, we think that the correct and equitable remedy is to remand the cases with instructions to the lower court to determine:

(a) whether the apprehension and return of the defendants was effected by the efforts of the appellant; and

(b) to what expense the Commonwealth was put by reason of the original failures of defendants to appear; and

(c) to what extent, if any, the forfeitures should be remitted.

Reversed and remanded for disposition in accordance with this Opinion.