485 A.2d 1130

**COMMONWEALTH of Pennsylvania**

**v.**

**Thomas Jefferson FLEMING.**

**Appeal of INTERNATIONAL FIDELITY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 1984.

Filed Dec. 7, 1984.

---

Philip B. Friedman, Erie, for appellant.

Michael J. Veshecco, District Attorney, Erie, for Commonwealth, appellee.

Before McEWEN, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

This appeal follows denial of a surety's petition to vacate forfeiture of bail bonds. Appellant, International Fidelity Insurance Company, posted bonds in sum of $15,000.00 for Thomas Jefferson Fleming. When Fleming failed to appear for a court date on September 11, 1980, the court declared the bonds forfeited. Fleming was subsequently apprehended by California authorities, June 16, 1981. On December 31, 1981, the court entered judgment by confession against appellant on the bonds. Appellant petitioned

the court to vacate the forfeitures. The lower court denied the petition by order of September 14, 1982.

■ We note at the outset that appellant, to date, has not paid the forfeited bonds. The Commonwealth argues that the test for opening a confessed judgment governs where, as here, a confessed judgment has already been entered against the surety at the time it requests the forfeiture be set aside. *See Commonwealth ex rel. County of Cumberland v. Johnson,* 19 Pa.D. & C. 3rd 339 (1981). The lower court, in effect, disregarded the confessed judgment and treated the matter simply as a petition to vacate forfeiture under Pa.R.Crim.P. 4016(A)(1)(c), 42 Pa.C.S.A. We follow its lead. *See* Pa.R.Crim.P. 1504, 42 Pa.C.S.A.; Pa.R. Crim.P., Rule 1, 42 Pa.C.S.A.

■ Remission of forfeitures is a practice calculated to encourage bondsmen to seek actively the return of absent defendants. *Commonwealth v. Reeher,* 245 Pa.Super. 282, 369 A.2d 404 (1976). Allowance or denial of a remission lies within the sound discretion of the trial court. *Commonwealth v. Jones,* 268 Pa.Super. 507, 429 A.2d 436 (1981). The Honorable Richard Nygaard found that the surety's efforts had no impact on the defendant's actual detection. Lower court opinion at 2. It reasoned, "Mere participation in the search for the defendant is not enough. The apprehension or return of the defendant must either be effected by the efforts of the bondsman or [those efforts must] *at least have a substantial impact* on his apprehension and return." *Id.* (emphasis added).

■ Appellant acknowledges that it did not directly apprehend the defendant. It contends, however, that it did make substantial efforts to locate him. The lower court ruled that appellant failed to meet its burden of proof to justify exoneration from payment of the bond. We cannot say the lower court abused its discretion in reaching this conclusion.

The order of the court below is affirmed.