533 A.2d 770

COMMONWEALTH of Pennsylvania

v.

Michael MITCHELL, Appellant. (Two Cases)

Superior Court of Pennsylvania.

Argued Sept. 16, 1987.

Filed Nov. 17, 1987.

John J. Kerrigan, Jr., Newton, for appellant.

Lawrence M. Cherba, Assistant District Attorney, Doylestown, for Com., appellee.

Before McEWEN, OLSZEWSKI and HOFFMAN, JJ.

McEWEN, Judge:

These consolidated appeals[1] have been taken from an order directing the forfeiture of bail which had been posted to guarantee the appearance of the defendant, Michael Mitchell, at all proceedings attendant charges of murder which had been lodged against him.

When Michael Mitchell was charged with the offense of murder, bail was set at $400,000. David Mitchell, the father of the defendant, posted $40,000 cash bail and retained counsel to represent his son. A jury subsequently determined that Michael Mitchell was guilty of third degree murder. When the defendant failed to appear at sentencing, the Commonwealth filed a petition to forfeit bail. The court conducted a hearing and directed that the bail be forfeited, rejecting an argument by counsel for Mitchell that $20,000 of the cash bail, assigned to him as payment of his counsel fees, should not be forfeited to the Commonwealth. Counsel for Mitchell asserts in this appeal that this

---

1. The appeal at No. 00789 Philadelphia 1987 has been taken from the order of forfeiture. The appeal at No. 00790 Philadelphia 1987 has been taken from the order dismissing "exceptions" to the order of forfeiture which, for purposes of this appeal, we have treated as a petition for remission, the denial of which is appealable pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(1).

court should, in the interests of justice, declare that the hearing court erred and direct that he be paid his fee from the forfeited sum.

Initially, we note that Michael Mitchell remains a fugitive. It is, of course, well-settled that a defendant who elects to escape from custody or become a fugitive while free on bail forfeits his right to appellate review. *See: Commonwealth v. Passaro*, 504 Pa. 611, 613–617, 476 A.2d 346, 348–349 (1984). However, the defendant has not undertaken this appeal. Rather, trial counsel for appellant has undertaken this appeal asserting that the court committed an abuse of discretion in ordering forfeiture.

■ The procedure of remission is as ancient as the right to bail, and it is well established that "[r]emission of forfeiture is a practice, calculated to encourage bondsmen to seek actively the return of absent defendants. *Commonwealth v. Reeher*, 245 Pa.Super. 282, 369 A.2d 404 (1976). Allowance or denial of a remission lies within the sound discretion of the trial court. *Commonwealth v. Jones*, 286 Pa.Super. 507, 429 A.2d 436 (1981)." *Commonwealth v. Fleming*, 336 Pa.Super. 377, 379, 485 A.2d 1130, 1131 (1984). *Accord: Commonwealth v. Nolan*, 288 Pa.Super. 484, 488, 432 A.2d 616, 618 (1981).

Similarly, the United States District Court for the Western District of Pennsylvania, in denying an application for remission factually identical to the instant matter, declared that " '[r]elease [of a defendant] is conditioned on the execution of a bail bond in order to assure the presence of the accused, ... Remission of forfeited bonds while their subjects are still at large would undermine that purpose.' " *United States v. Ciotti*, 579 F.Supp. 276, 278 (W.D.Pa.1984) *quoting United States v. Skipper*, 633 F.2d 1177, 1180 n. 6 (5th Cir.1981).

We have not, however, discovered any Pennsylvania appellate court decisions involving a petition to remit a forfeiture [2] (1) where the petitioner is neither the defendant nor a

**2.** See footnote 1 *supra.*

surety, and (2) where the petition was filed while the defendant remained a fugitive.

■ It is unnecessary to discuss the legal arguments assembled by the Commonwealth, or to address the compelling personal plea of counsel for payment of his fee, since we are of a mind that public policy precludes the remission here sought. There exist a number of public policy preclusions to remission of the forfeiture to counsel for the defendant, not the least of which is the temptation, and even encouragement, that such a result would present to other defendants released on bail. It is sufficient to simply observe that crime should never pay—either the criminal or his counsel—and, surely it is obvious that to honor such a claim by counsel for a fugitive is to reward the fugitive for his escape. That result might even justify the description of the law provided by Mr. Bumble. Therefore, we conclude that the distinguished Judge Paul R. Beckert properly denied the application for partial remission.

Order affirmed at No. 00790 Philadelphia 1987. The appeal at No. 00789 Philadelphia 1987 is quashed.